

## REVOCATION OF POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that I, OTILIA S. JENSEN, also known as

OTILIA JENSEN born January 11, 1912, whose social security number is 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, of 17149

Wagner St., Milford, VA 22514 in the County of Caroline, Virginia, individually and as manager

of EDGE REALTY, L.C., in and by various written powers of attorney, dated prior to the date

hereof, did make and appoint ARCHIE LEE ROBERTS of Spotsylvania County, Virginia who is,

or was, President of A. L. ROBERTS HOME IMPROVEMENTS INC. located at 6232

Massaponax Church Road, Fredericksburg, VA of 22407 as my lawful attorney-in-fact and for

business involving EDGE REALTY L.C. (FID#54-1720148) for the purposes and with the

powers therein set forth.

NOTICE is hereby given that I, OTILIA S. JENSEN, by these presents, have revoked and

do hereby revoke, terminate, and rescind any and all powers of attorney, and all power and

authority thereby given, or intended to be given, to ARCHIE LEE ROBERTS, both as my

personal power of attorney or as regarding Edge Realty, L.C.

WITNESS my signature and seal this 5th day of May, 1999.

_Otilia S. Jensen_
OTILIA S. JENSEN

Prepared by and Return to:
Robert B. Easterling
Attorney at Law
2217 Princess Anne Street, Suite 100-2
Fredericksburg, VA 22401

STATE OF VIRGINIA
CITY OF FREDERICKSBURG, to-wit:

I certify that the foregoing instrument was acknowledged before me this 5th day of May, 1999, by Otilia S. Jensen.

Notary Public

My Commission Expires; 2/28/2001

**EDGE REALTY, L.C.**
**NOTICE OF RESIGNATION OF OTILIA S. JENSEN, MANAGER**

TO:    All members of Edge Realty, L.C., a Virginia limited liability company
Earl H. Jensen Trust
Robert Jensen
Nancy Jensen
Peter Charles Jensen
John Ryan Jensen
Jason Jensen
Christopher Michael Jensen
Lisa Kay Jensen
Ed Roberts
Mary Ann Roberts

Otilia S. Jensen, manager, hereby gives notice of revocation of all delegations to other

persons of the manager's rights and powers to manage and control the business and affairs of

Edge Realty, L.C., including any and all delegations to agents, officers, and employees of a

member or manager of the limited liability company, and delegations made by any management

agreement or other agreement with, or otherwise to, other persons, specifically including all

delegations of such authority to Archie L. Roberts or Archie L. Roberts Home Improvement

Company, or either of them.

Otilia S. Jensen hereby gives notice of her resignation as a manager in Edge Realty, L.C., a

Virginia limited liability company.

Earl H. Jensen is deceased, and Otilia S. Jensen has hereby resigned as manager of Edge

Realty, L.C. Pursuant to paragraph 7 of the Operating Agreement of Edge Realty, L.C., at such

time as both Earl H. Jensen and Otilia S. Jensen have died, resigned, or become disabled, all

actions which require the consent of the managers, set forth in the Agreement, shall require a

majority in interest of the members' interests.

Otilia S. Jensen esteems it to be in her best interest and that of Edge Realty, L.C. to file an involuntary petition in bankruptcy against Edge Realty, L.C. in the United States Bankruptcy Court, Eastern District of Virginia, Richmond Division. Otilia S. Jensen, individually, and as trustee of the Earl H. Jensen Trust, holds a majority in interest of the membership interests in Edge Realty, L.C. As holder of a majority in interest of the membership interests, Otilia S. Jensen hereby authorizes and directs Jason Earl Jensen to execute and deliver all documents necessary with regard to the actions necessary to be performed by Edge Realty, L.C. in regard to the aforesaid involuntary petition in bankruptcy to be filed against Edge Realty, L.C.; and

Jason Earl Jensen is authorized and directed to appear in all bankruptcy proceedings on behalf of Edge Realty, L.C., and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of Edge Realty, L.C. in connection with such bankruptcy case.

Executed on:  June 16, 1999

_OTILIA S. JENSEN, INDIVIDUALLY_

EARL H. JENSEN TRUST

BY: _OTILIA S. JENSEN, TRUSTEE_

sigfried/ann/JENSRESI.doc.rae

## CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing Edge Realty, L.C. Notice of Revocation of Delegation and Resignation of Otilia S. Jensen, Manager was sent via first-class mail, postage prepaid, this 21st day of June, 1999, to the following addresses:

Earl H. Jensen Trust
c/o Otilia S. Jensen
P.O. Box 57
Milford, VA 22514

Jason Jensen
635 Page Dr.
Hampton, VA 23669

Robert Jensen
1204 SW 132nd St.
Oklahoma City, OK 73170

Christopher Michael Jensen
2001 Sommerville Dr.
Hampton, VA 23663

Nancy Jensen
1204 SW 132nd St.
Oklahoma City, OK 73170

Lisa Kay Jensen
P.O. Box 293
Norman, OK 73070

Peter Charles Jensen
P.O. Box 57
Milford, VA 22514

Ed Roberts
P.O. Box 443
Bowling Green, VA 22427

John Ryan Jensen
13220 S. 48th St. Apt. 2047
Phoenix, AZ 85044

Mary Ann Roberts
P.O. Box 443
Bowling Green, VA 22427

Robert B. Easterling

(Proving the fraud + cant
be discharged 11 USC 523

The fraud (Archie Roberts)

The story in its

entirety.

Important!!!

Please

Read

and take notes

2.    This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(H).

Parties:

3.    Plaintiff Sherman B. Lubman was appointed as trustee of the debtor on August 16, 1999,

and is duly qualified and presently acting as trustee.

4.    Defendant Edge Realty, L.C. ("debtor") is a Virginia Limited Liability Company formed

by Earl H. Jensen (deceased) and Otilia S. Jensen on or about July 15, 1994 and is the

debtor in this case.

5.    Otilia S. Jensen ("Jensen") is an individual who resides at _____, and

is the petitioner in this case.

6.    Archie L. Roberts ("Roberts") is an individual and the former attorney in fact for Otilia S.

Jensen, in her capacity as manager of the debtor. Roberts' last known residence was 6232

Massaponax Church Road, Fredericksburg (Spottsylvania County), Virginia.

7.    Crown Manor, Inc. is a Virginia Corporation.

8.    Ernest L. Hazelwood, Jr. is an individual who resides at 10660 Cherokee Road,

Richmond, Virginia 23225.

9.    To the extent that the claims herein arise pursuant to Bankruptcy Code §544(b), plaintiff is

asserting the rights of the following creditors with unsecured claims allowable in the

bankruptcy case, which were creditors at the time of the complained of transactions:

Commonwealth of Virginia Department of Taxation, Internal Revenue Service,

Christopher M. Jensen, Earl H. Jensen Trust, Jason Jensen, John R. Jensen, Lisa K.

Jensen, Mary A. Roberts, Nancy Jensen, Otilia S. Jensen, Peter C. Jensen, and Robert

Jensen.

FACTS:

10. Otilia S. Jensen is the petitioner in this involuntary case. She was, at all relevant times, manager of the debtor and owned a 44.6% interest in debtor. She is now 87 years of age.

11. The Earl H. Jensen Trust owns a 44.6% interest in debtor, Robert Jensen, Nancy Jensen, Peter Jensen, Jonathan Jensen, Jason Jensen, Christopher Jensen, and Lisa Jensen each owns a 1.2% interest in the debtor, and Mary Ann Roberts owns a 2.4% interest in debtor.

12. Otilia S. Jensen was the wife of Earl H. Jensen, now deceased.

13. By his Revocable Trust Agreement dated July 15, 1994, Earl H. Jensen created a marital trust and a family trust for which Otilia S. Jensen was named as Trustee.

14. The Trust prohibited the Trustee from taking any part in any decision regarding discretionary distributions to such Trustee if such discretion was not subject to an ascertainable standard relating to the Trustee's health, education, maintenance or support.

15. Earl H. Jensen died on or about September 18, 1995. His will was probated in Will Book 57, Page 386, in Caroline County, Virginia Circuit Court.

16. By his Will, Earl H. Jensen left his personal property and residence to his wife, Otilia S. Jensen, and gave the residue of his real and personal property to the Earl H. Jensen Revocable Trust dated July 15, 1994 (the "Earl Jensen Trust"), to be held under the terms of the trust at the time of his death.

17. At the time of his death, Earl H. Jensen owned a 44.6% interest in the debtor, which became vested in the Earl H. Jensen Revocable Trust by operation of his Will.

18. Prior to the death of Earl H. Jensen, he and Otilia S. Jensen had conveyed certain parcels of real property to debtor, said parcels being more specifically identified below.

3

19.     During the last few months of 1996, Otilia S. Jensen ("Jensen") became acquainted with

defendant Roberts,  and engaged him and his company, Archie L. Roberts Home

Improvements, Inc., to perform construction and repair work on some of the real

properties owned by the debtor.

20.     Jensen, at all times relevant hereto, was of advanced age, and by reason thereof,  was

incapacitated from conducting her business.  Defendant Roberts, knowing of Jensen's

advanced age and incapacity and desiring to take advantage thereof for the purpose of

defrauding Jensen and the debtor, procured and caused Jensen to execute numerous

instruments in writing, in the form of written powers of attorney, management/consultant

agreements, and management agreements for debtor, all granting the defendant Roberts

the authority to act on Jensen's behalf as her agent and fiduciary.

21.     Upon information and belief, on or about March 16, 1998, defendant Roberts met with an

attorney, Mr. Paul Simpson, for the purpose of having him draw a Petition for

Appointment of Successor Trustee of the Earl H. Jensen Trust ("petition for appointment

of successor trustee").

22.     The petition for appointment of successor trustee was drawn and filed with the Circuit

Court of Caroline County, Virginia, seeking the appointment of Archie L. Roberts as

Successor Trustee on the Earl H. Jensen Trust.

23.     An Answer to The Petition for Appointment of Successor Trustee was filed by Robert

Earl Jensen, son of Otilia S. Jensen, requesting the court to investigate the allegations of

the Petition and to inquire into the qualifications and propriety of Archie L. Roberts

serving as a Successor Trustee of the Earl Jensen Trust.  After the filing of this answer,

4

the Petition for Appointment of Successor Trustee was withdrawn.

24.    Shortly after the Petition for Appointment of Successor Trustee was withdrawn, and

unknown to Otilia S. Jensen at all relevant times hereto, Caroline County issued a stop

work order on one of the properties owned by the debtor and on which defendant Roberts

and his company, A.L. Roberts Home Improvements, Inc. had contracted to do work.

25.    Shortly after the Petition for Appointment of Successor Trustee was withdrawn, and

unknown to Otilia S. Jensen at all relevant times hereto,  A. L. Roberts Home

Improvements, Inc. was terminated by the State Corporation Commission.

26.    Defendant Roberts,  at various times during his dealings with Otilia S. Jensen and in order

to effect his fraudulent purpose, falsely represented to Jensen that, as part of his helping

her to manage the business of debtor, he needed Jensen to execute various documents

giving him authority to act on behalf of the debtor and that he needed Jensen to execute

various documents  conveying the property of debtor to himself and others.

27.    Defendant Roberts represented to Jensen that none of the various conveyances he asked

her to execute would exclude Jensen's family members or adversely their ownership

intererests in the debtor.

28.    Defendant Roberts, by virtue of his confidential relationship with Jensen, and under the

powers granted to him as an attorney-in-fact, obtained signature authority on the bank

accounts of debtor and opened new joint bank accounts for debtor on which he had

signature authority.

29.    Jensen, being under defendant Roberts' control and influence, believing him to be an

honest person, having reposed in him her utmost trust and confidence, and relying on the

5

aforesaid representations, executed various documents which gave defendant Roberts

authority to act on behalf of debtor and Jensen and also executed various deeds conveying

property of the debtor to defendant Roberts and others.

30.    Jensen, because of her age and disabilities, believed defendant Robert's representations to

be true, and relying thereon, granted him the aforesaid authority and signed the aforesaid

instruments, acknowledged the same, and delivered them to defendant.

*Six Parcels of Real Estate Transferred December 6, 1998*

31.    Having failed in his purpose to have himself appointed as Trustee for the Earl Jensen

Trust, no longer able to conduct business under management and consultant agreements

between debtor and A.L. Roberts Home Improvements, Inc., and with a stop work order

in place from Caroline County, Virginia, defendant Roberts, in order to effect his

fraudulent purposes, induced Jensen to convey to him certain real property of the debtor.

32.    To wit: Prior to the order for relief, debtor conveyed to defendant Roberts, by quit claim

deeds all dated December 6, 1998, six parcels of real estate (the "12/6/98 real estate

transfer") as follows:

| Short Property Description | Recordation (Date , Deed Book and Page Number, and Location of Recording) |
|---|---|
| 156.8910 acres more or less in Rockhill District (parcel #1) AND 459 Rock Hill Church Road (parcel #2) | 12/10/98; LR 980024170; Stafford County, Virginia Circuit Court |

6

| 7116 Towles Mill Road (parcel #3) | 12/10/98; Book 1640, Page 120; Spottsylvania County, Virginia Circuit Court |
| 11.52 AC. B. Green (parcel #4) | 12/10/98; book 504 page 370; Caroline County, Virginia Circuit Court |
| State Route 631(parcel #5) | 12/10/98; book 504 page 368; Caroline County, Virginia Circuit Court |
| Ice House, Milford, Virginia, lot #62, part of #27, & part of #61 located off of state route #722 (parcel #6) | 12/10/98; book 504 page 366; Caroline County, Virginia Circuit Court |

33.     A copy of said deeds are attached hereto, marked as Exhibits "A-E" and made a part
        hereof.

34.     The quitclaim deeds in connection with the 12/6/98 real estate transfer were all executed
        by Otilia S. Jensen on December 9, 1998.  Typed beneath the signature line of each
        quitclaim deed is "Edge Realty, L.C./Otilia Jensen."

35.     The 12/6/98 real estate transfer was in breach of the Revocable Trust Agreement dated
        July 15, 1994, creating the Earl H. Jensen Trust, a 44.6% owner of debtor.

36.     At the time of the 12/6/98 real estate transfer, said real estate was unencumbered and had
        a value of more than one million, six hundred thousand and 00/100 dollars
        ($1,600,000.00).

37.     Upon information and belief, at the time of the conveyance of the real estate involved in
        the 12/6/98 real estate transfer, said real property was debtor's sole remaining asset.

38.     No consideration whatsoever passed from defendant Roberts to debtor in exchange for the

7

real estate conveyed by debtor to defendant Roberts.

39.     Defendant Roberts, on or about April 27, 1999, by special warranty deed, conveyed a

portion of the 156.8910 acre Rock Hill District parcel in Stafford County, Virginia to

defendant Crown Manor, Inc., (the "Crown Manor real estate transfer") with said deed

being recorded in the Stafford County, Virginia Circuit Court Clerk's Office on or about

April 28, 1999 at LR 990008932.

40.     A copy of said deed is attached hereto, marked as Exhibit F, and incorporated herein by

reference.

41.     Upon information and belief, the consideration for the Crown Manor real estate transfer

was $405,000.00.

42.     Upon information and belief, Crown Manor is owned in part and operated by E. Bragg

Clark, III ("Clark").

43.     Upon information and belief, Clark had, prior to December 6, 1998, approached Jensen

and offered to purchase a portion of the 156.8910 acre Rock Hill District parcel for an

amount greater than what Crown Manor paid defendant Roberts in exchange for the April

28, 1999 conveyance of that same property.

44.     Upon information and belief, Jensen had rejected Clark's offer of purchase as

inadequate.

*Checks and Withdrawals of Cash*

45.     Between 1997 and 1999, defendant Roberts, in his capacity as attorney in fact for debtor,

wrote checks off the debtor's bank accounts to himself and his company, A.L.Home

Improvements, to others to purchase vehicles which he had titled in his own name,  and

8

otherwise withdrew monies for his personal use and benefit from those accounts totaling

over three hundred thousand and 00/100 dollars ($300,000.00) (the "bank transfers").

46.    Defendant Roberts has failed or refused to give any accounting to debtor of the bank

transfers.

47.    Upon information and belief, the monies paid to defendant Roberts and to others for

defendant Roberts' personal use and benefit from debtor's bank accounts was far in excess

of the value of any work defendant Roberts may have performed for debtor.

*Real Estate Transferred November 19, 1997*

48.    Prior to the order for relief, debtor conveyed to defendant Hazelwood, by general

warranty deed, certain real estate (the "11/19/97 real estate transfer") as follows:

| Short Property Description | Recordation (Date , Deed Book and Page Number, and Location of Recording) |
|---|---|
| Near the intersection of U.S. Route 17 and State Route 698 | 11/19/97; LR 970017553; Stafford County, Virginia Circuit Court |

(a copy of said deed is attached hereto, marked as Exhibit "G" and made a part

hereof).

49.    The general warranty deed in connection with the 11/19/97 real estate transfer was

executed by defendant Roberts as attorney in fact for Otilia S. Jensen, manager of the

debtor.

50.    At the time of the 11/19/97 real estate transfer, said real estate was unencumbered and

9

had a tax assessed value of one hundred fifty thousand and 00/100 dollars ($150,000.00).

51.   Defendant Hazelwood paid debtor Eighty-five thousand and 00/100 ($85,000.00) in

exchange for the transfer of said real estate.

52.   Upon information and belief, on the same day the real estate was transferred to defendant

Hazelwood, defendant Hazelwood sold the real estate to Harry D. Barham for one

hundred and thirty thousand and 00/100 dollars ($130,000.00).

<u>CAUSES OF ACTION</u>:

53.   At all relevant times, defendant Roberts' actions and intent should be imputed to the

debtor, in that he was acting in his capacity as agent and attorney in fact of the debtor.

<u>First Cause of Action</u>:

54.   The foregoing allegations are repeated, realleged and incorporated herein.

55.   The 12/6/98 real estate transfer from the debtor to defendant Roberts was made while the

debtor was insolvent and for less than a reasonably equivalent value or caused the debtor

to become insolvent and was made for less than a reasonably equivalent value. .

56.   By reason of the foregoing, the said transfer is voidable pursuant to § 548(a)(2) of the

Bankruptcy Code.

<u>Second Cause of Action</u> :

57.   The foregoing allegations are repeated, realleged and incorporated herein.

58.   The 12/6/98 real estate transfer from debtor to defendant Roberts was not upon

consideration deemed valuable in law.

59.   At the time of the transfer, debtor was insolvent or was rendered insolvent by said

transfer.

10

60.    Defendant Roberts did not give fair or valuable consideration in exchange for the transfer

of assets, had knowledge of the fraudulent transfer, and knew of the voidability of the

conveyance.

61.    By reason of the foregoing, the said transfer is voidable pursuant to Virginia Code §55-81

and Bankruptcy Code §§544(b) and 550(a).

Third Cause of Action :

62.    The foregoing allegations are repeated, realleged and incorporated herein.

63.    The 12/6/98 real estate transfer from the debtor to defendant Roberts was made with

actual intent to delay, hinder, or defraud the debtor's creditors.

64.    By reason of the foregoing, the said transfer is voidable pursuant to § 548(a)(1) of the

Bankruptcy Code.

Fourth Cause of Action:

65.    The foregoing allegations are repeated, realleged and incorporated herein.

66.    The 12/6/98 real estate transfer from debtor to defendant Roberts was made

with  intent to delay, hinder or defraud the debtor's creditors.

67.    By reason of the foregoing, the said transfer is voidable pursuant to §55-80 of the Code of

Virginia and §§ 544(b) and 550(a) of the Bankruptcy Code.

Fifth Cause of Action:

68.    The foregoing allegations are repeated, realleged and incorporated herein.

69.    Defendant Crown Manor did not give consideration deemed valuable in law in exchange

for the subsequent conveyance of a portion of the 156.8910 acre parcel of real property

by defendant Roberts, had notice of the fraudulent intent of defendant Roberts in

11

conveying the real property, and knew or should of known of the voidability of the

conveyance.

70.    By reason of the foregoing, such transfer is voidable pursuant to §§55-80 and 55-81 of the

Code of Virginia and §§ 544(b) and 550(a) of the Bankruptcy Code.

<u>Sixth Cause of Action:</u>

71.    The foregoing allegations are repeated, realleged and incorporated herein.

72.    With respect to the subsequent conveyance of a portion of the 156.8910 acre parcel of

real property by defendant Roberts to defendant Crown Manor, defendant Crown Manor

did not take for value or in good faith, and knew or should of known of the voidability of

the conveyance.

73.    By reason of the foregoing, such transfer is voidable pursuant to §§ 548 and 550(a) of the

Bankruptcy Code.

<u>Seventh Cause of Action:</u>

74.    The foregoing allegations are repeated, realleged and incorporated herein.

75.    The bank transfers from the debtor to defendant Roberts were made while the debtor was

insolvent and for less than a reasonably equivalent value or caused the debtor to become

insolvent and were made for less than a reasonably equivalent value.

76.    By reason of the foregoing, the said transfers made within 1 year prepetition are voidable

pursuant to § 548(a)(2) of the Bankruptcy Code.

<u>Eighth Cause of Action</u> :

77.    The foregoing allegations are repeated, realleged and incorporated herein.

78.    The bank transfers from the debtor to defendant Roberts were not upon consideration

12

deemed valuable in law.

79. At the time of the transfers, debtor was insolvent or was rendered insolvent by said transfers.

80. Defendant Roberts did not give fair consideration in exchange for the transfers, had knowledge of the fraudulent transfers, and knew of the voidability of the transfers.

81. By reason of the foregoing, the said transfers are voidable pursuant to Virginia Code §55-81 and Bankruptcy Code §§544(b) and 550(a).

### Ninth Cause of Action :

82. The foregoing allegations are repeated, realleged and incorporated herein.

83. The bank transfers from the debtor to defendant Roberts were made with actual intent to delay, hinder, or defraud the debtor's creditors.

84. By reason of the foregoing, all such transfers made within one year prepetition are voidable pursuant to § 548(a)(1) of the Bankruptcy Code.

### Tenth Cause of Action:

85. The foregoing allegations are repeated, realleged and incorporated herein.

86. The bank transfers from the debtor to defendant Roberts were made with intent to delay, hinder or defraud the debtor's creditors.

87. Defendant Roberts did not give fair or valuable consideration in exchange for the bank transfers, had notice of the fraudulent intent of debtor in making the transfers, and knew of the voidability of the transfers.

88. By reason of the foregoing, the said transfers are voidable pursuant to §55-80 of the Code of Virginia and §§ 544(b) and 550(a) of the Bankruptcy Code.

### Eleventh Cause of Action:

89.    The foregoing allegations are repeated, realleged and incorporated herein.

90.    The November 19, 1997 real estate transfer from debtor to defendant Hazelwood was
made with intent to delay, hinder or defraud the debtor's creditors.

91.    Defendant Hazelwood did not give fair or valuable consideration in exchange for the
11/19/97 real estate transfer, had notice of the fraudulent intent of debtor in making the
transfer, and knew or should have known of the voidability of the transfer.

92.    By reason of the foregoing, the said transfer is voidable pursuant to §55-80 of the Code of
Virginia and §§ 544(b) and 550(a) of the Bankruptcy Code.

WHEREFORE, plaintiff respectfully prays that this Court:

A.    declare the December 6, 1998 real estate transfer, the Crown Manor real estate
transfer, the bank transfers, and the November 19, 1997 real estate transfer by debtor to be null
and void;

B.    order the return of all such property or the value thereof to plaintiff;

C.    order seizure of any funds or other tangible or intangible property held by
defendant Roberts pending disposition of this case;

D.    enjoin any and all defendants in this case from disposing of, and/or committing
waste with respect to, the real property which is a subject of this action;

E.    award plaintiff the costs of this action; and

14

F.      award plaintiff such other and further relief as is just.

Dated: December 6, 1999          SHERMAN B. LUBMAN, CHAPTER 7 TRUSTEE

By Counsel

Kevin A. Lake (VSB # 34286)
LAKE & LAKE, P.C.
P.O. Box K-53
Richmond, VA 23288
(804) 282-9500
   Counsel for Plaintiff, Sherman B. Lubman, Chapter 7 Trustee

C:\A-LAKE\BANKRUPT\CLIENTS\LUBMAN\CASES\EDGE\PLEADING\COMP2.D06

15

Exhibit A

LR   980024170

STAFFORD COUNTY CIRCUIT COURT

A298-10
R298-04

# QUITCLAIM DEED

THIS QUITCLAIM DEED, Executed this 6 day of December ,1998 (year),

by first party, Grantor, Edge Realty L.C.

whose post office address is P.O. Box 57,Milford, Virginia 22514

to second party, Grantee, Archie L. Roberts

whose post office address is 6232 Massaponax Church Road
Fredericksburg, Virginia, 22407

WITNESSETH, That the said first party, for good consideration and for the sum of
One-Hundred and no/cents Dollars ($100.00 · ) paid by the said second
party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim
unto the said second party forever, all the right, title, interest and claim which the said first party
has in and to the following described parcel of land, and improvements and appurtenances there-
to in the County of STAFFORD , State of VIRGINIA to wit:

ROCKHILL DISTRICT, STAFFORD COUNTY VA.

A. TYNAE'S POINT  SUB97 - 86

TAX MAP#18, PARCEL#21, ZONE A-1

TOTAL LOT AREA  148.6431 AC.
    STREET       8.2297 AC.
    SITE       156.8910 AC.

459 ROCK HILL CHURCH ROAD
    #18 - 21 RH  (.6535 ac.)

TOTAL AC. 157.5445
1 SINGLE FAMILY HOME

(1) ADHF                                    Rev. 6/98

If your state requires 8 ½" x 11" forms, cut off the bottom of this page at the dotted line.



© E-Z Legal Forms. Before you use this form, read it, fill in all blanks, and make whatever changes are necessary to your particular transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. E-Z Legal Forms and the retailer make no representations or warranty, express or implied, with respect to the merchantability of this form for an intended use or purpose.

IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

_Samantha Lee_
Signature of Witness

_X (signature)_
Signature of First Party

SAMANTHA M. LEE
Print name of Witness

OTILIA S. JENSEN/EDGE REALTY L.C.
Print name of First Party

_____
Signature of Witness

_____
Signature of First Party

_____
Print name of Witness

_____
Print name of First Party

State of _Virginia_                    }
County of _Caroline_
On _Dec. 9, 1998_ , before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_Ann W. Jarrell_
Signature of Notary          _5-31-02_

Affiant _____Known_____Produced ID
Type of ID _ν License_
                                    (Seal)

State of                              }
County of
On                             before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_____
Signature of Notary

Affiant _____Known_____Produced ID
Type of ID _____
                                    (Seal)

_(signature)_
Signature of Preparer

ARCHIE L. ROBERTS
Print Name of Preparer

6232 MASSAPONAX CHURCH ROAD
Address of Preparer
FREDERICKSBURG, VIRGINIA 22407

(2)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
If your state requires 8 ½" x 11" forms, cut off the bottom of this page at the dotted line.

COMMONWEALTH OF VIRGINIA,
COUNTY OF STAFFORD TO-WIT:
    IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT FOR THE
COUNTY OF STAFFORD, THE _19_ DAY OF _Dec_ , 19 _98_
THE FOREGOING DEED _(...)_ WAS PRESENTED AND,
WITH THE CERTIFICATE ANNEXED ADMITTED TO RECORD AT _10:49_
_(AM)_ AND INDEXED AFTER PAYMENT OF $ _(...)_ TAX IMPOSED
BY 58.1-800., ET. SEQ.        TESTE:

THOMAS MONCURE, JR., CLERK
_By: (signature)_

Exhibit B

PROOFED

29658                    B 1 6 4 0   1 2 0

RECEIVED JAN 14 1999

Original To Archie of Roberts
Dec 12-10-98

A298-10
R298-04

# QUITCLAIM DEED

THIS QUITCLAIM DEED, Executed this 6 day of DECEMBER , 1998 (year),

by first party, Grantor, EDGE REALTY L.C.

whose post office address is P.O. BOX 57, MILFORD, VIRGINIA 22514

to second party, Grantee, ARCHIE L. ROBERTS

whose post office address is 6232 MASSAPONAX CHURCH ROAD
                            FREDERICKSBURG, VIRGINIA 22407

WITNESSETH, That the said first party, for good consideration and for the sum of
ONE-HUNDRED AND NO/CENTS        Dollars ($100.00   ) paid by the said second
party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim
unto the said second party forever, all the right, title, interest and claim which the said first party
has in and to the following described parcel of land, and improvements and appurtenances there-
to in the County of SPOTSYLVANIA          , State of VIRGINIA            to wit:

7116 TOWLES MILL ROAD

TAX MAP # 60-(A)-23A

1.92 AC.
1 SINGLE FAMILY HOME

(1) __          Rev. 6/98

If your state requires 8 ½" x 11" forms, cut off the bottom of this page at the dotted line.



© E-Z Legal Forms. Before you use this form, read it, fill in all blanks, and make whatever changes are necessary to your particular
transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. E-Z Legal Forms and the retailer make no
representation or warranty, express or implied, with respect to the merchantability of this form for an intended use or purpose.

01640 121

IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

_Signature of Witness_

SAMANTHA M. LEE
Print name of Witness

_Signature of First Party_

EDGE REALTY L.C./
OTILIA S. JENSEN
Print name of First Party

_Signature of Witness_

Print name of Witness

_Signature of First Party_

Print name of First Party

State of Virginia
County of Caroline
On Dec. 9, 1998                    before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_Signature of Notary_    5-31-02

Affiant ___ Knows ___ Produced ID
Type of ID ✓ License
                                    (Seal)

State of
County of
On                    before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_Signature of Notary_

Affiant ___ Known ___ Produced ID
Type of ID ___
                                    (Seal)

_Signature of Preparer_

ARCHIE L. ROBERTS
Print Name of Preparer
6232 MASSAPONAX CHURCH ROAD
FREDERICKSBURG, VIRGINIA, 22407
Address of Preparer

(2)
If your state requires 8 ½" x 11" forms, cut off the bottom of this page at the dotted line.

Virginia, Spotsylvania County, to-wit:
In the Clerk's Office of the County and State aforesaid the ____10____ day of
____DEC____, 19__Y__, at __1:40__ o'clock __A__ M., the
foregoing writing was presented and admitted to record, together with the
annexed certificate of acknowledgment.
The tax imposed by Section 58.54-1 in the amount of $_____ has been paid

Teste: _____, Clerk

Exhibit C

985166

BOOK 504 PAGE 370

# QUITCLAIM DEED

**THIS QUITCLAIM DEED,** Executed this  6   day of DECEMBER    ,1996  (year),

by first party, Grantor, EDGE REALTY L.C.

whose post office address is  P.O. BOX 57, MILFORD, VIRGINIA 22514

to second party, Grantee, ARCHIE L. ROBERTS

whose post office address is 6232 MASSAPONAX CHURCH ROAD
                           FREDERICKSBURG, VIRGINIA, 22407

WITNESSETH, That the said first party, for good consideration and for the sum of
ONE-HUNDRED AND NO/CENTS      Dollars ($100.00   ) paid by the said second
party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim
unto the said second party forever, all the right, title, interest and claim which the said first party
has in and to the following described parcel of land, and improvements and appurtenances there-
to in the County of  CAROLINE         , State of VIRGINIA           to wit:

DESCRIPTION:  11.52 AC. B. GREEN

TAX MAP # 43 - A -84

(1)  one                                                  Rev. 4/95

If your state requires 8 ½" x 11" forms, cut off the bottom of this page at the dotted line.

VIRGINIA: In the Clerk's Office of the
Circuit Court of Caroline County. The
foregoing instrument was this day admitted
to the office and, together with the
certificate of acknowledgment thereto annexed,
is duly recorded.

© E-Z Legal Forms. Before you use this form, read it, fill in all blanks, and make whatever changes are necessary to your particular
transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. E-Z Legal Forms and the retailer make no
representations or warranty, express or implied, with respect to the merchantability of this form for an intended use or purpose.

BOOK **504** PAGE **371**

IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

_Samantha Lee_
Signature of Witness

_X Otilia S. Jensen_
Signature of First Party

SAMANTHA M. LEE
Print name of Witness

OTILIA S. JENSEN/EDGE REALTY L.C.
Print name of First Party

Signature of Witness

Signature of First Party

Print name of Witness

Print name of First Party

State of _Virginia_        )
County of _Caroline_
On _Dec. 9, 1998_        before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_Ann W. Jarrell_
Signature of Notary        _8-31-02_

Affiant _____Knows_____Produced ID
Type of ID _Licenses_
(Seal)

State of        )
County of
On        before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature of Notary

Affiant _____Knows_____Produced ID
Type of ID _____
(Seal)

Signature of Preparer

ARCHIE L. ROBERTS
Print Name of Preparer
6232 MASSAPONAX CHURCH ROAD
FREDERICKSBURG, VIRGINIA 22407
Address of Preparer

(2)

If your state requires 8 ½" x 11" forms, cut off the bottom of this page at the dotted line.

VIRGINIA: In the Clerk's Office of the Circuit Court of Caroline County. The foregoing instrument was this day presented in the office aforesaid and is, together with the certificate of acknowledgment annexed, admitted to record this _____ day of _December_, 197_ at _8:22_ o'clock __ M. The tax imposed by §58.1-802 of the Code has been paid in the amount of $_N/A_

Teste: _Ray S. Campbell jr_ Clerk

Exhibit D

BOOK 504 PAGE 368                    985165

**A296-10**
**R296-04**

# QUITCLAIM DEED

**THIS QUITCLAIM DEED,** Executed this 6    day of  DECEMBER   ,1998  (year),

by first party, Grantor,  EDGE REALTY L.C.

whose post office address is  P.O. BOX 57, MILFORD, VIRGINIA 22514

to second party, Grantee,  ARCHIE L. ROBERTS

whose post office address is 6232 MASSAPONAX CHURCH ROAD
                            FREDERICKSBURG, VIRGINIA 22407

**WITNESSETH,** That the said first party, for good consideration and for the sum of
*ONE_HUNDRED AND NO/CENTS*         *Dollars ($100.00    ) paid by the said second
party,* the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim
unto the said second party forever, all the right, title, interest and claim which the said first party
has in and to the following described parcel of land, and improvements and appurtenances there-
to in the County of  CAROLINE            , State of  VIRGINIA             to wit:

        CHURCH

        TAX MAP#43D - A - 8

        G.R. FARMER

        STATE ROUTE 631

(1)

If your state requires 8 ½" x 11" forms, cut off the bottom of this page at the dotted line.

VIRGINIA: In the Clerk's Office of the
Circuit Court of Caroline County. This
[illegible] was this day received and admit-
ted to record [illegible]
[illegible]

© E-Z Legal Forms. Before you use this form, read it, fill in all blanks, and make whatever changes are necessary to your particular
situation. Consult a lawyer if you doubt the form's fitness for your purpose and use. E-Z Legal Forms and the retailer make no
representation or warranty, express or implied, with respect to the merchantability of this form for an intended use or purpose.

BOOK 504 PAGE 369

IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first above written Signed, sealed and delivered in presence of:

_[signature]_

Signature of Witness

_X Otilia A. Jensen_

Signature of First Party

SAMANTHA M. LEE
Print name of Witness

OTILIA S. JENSEN/EDGE REALTY L.C.
Print name of First Party

Signature of Witness

Signature of First Party

Print name of Witness

Print name of First Party

State of Virginia }
County of Caroline
On Dec. 9, 1998        before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_[signature]_ Ann W. Janeele
Signature of Notary   5-31-02

Affiant _____ Known _____ Produced ID
Type of ID _x_ License
                                    (Seal)

State of }
County of
On        before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature of Notary

Affiant _____ Known _____ Produced ID
Type of ID _____
                                    (Seal)

_[signature]_
Signature of Preparer

ARCHIE L. ROBERTS
Print Name of Preparer
6232 MASSAPONAX CHURCH ROAD
FREDERICKSBURG, VIRGINIA 22407
Address of Preparer

(2)
If your state requires 8 ½" x 11" forms, cut off the bottom of this page at the dotted line.

VIRGINIA:  In the Clerk's Office of the Circuit Court of Caroline County.  The foregoing instrument was this day presented in the office aforesaid and is, together with the certificate of acknowledgment annexed, admitted to record this _____ day of _____ 19__ _____ M. The tax imposed by §58.1-802 of the Code has been paid in the amount of $ N/A

Teste: _Ray S. Campbell jr. Clerk_

Exhibit E

504 366          9S5164

A29R-10
R29R-04

# QUITCLAIM DEED

**THIS QUITCLAIM DEED,** Executed this 6    day of DECEMBER    ,1998  (year),

by first party, Grantor, EDGE REALTY L.C.

whose post office address is P.O.BOX57 , MILFORD, VIRGINIA 22514

to second party, Grantee, ARCHIE L. ROBERTS

whose post office address is 6232 MASSAPONAX CHURCH ROAD
FREDERICKSBURG, VIRGINIA, 22407

**WITNESSETH,** That the said first party, for good consideration and for the sum of
ONE- HUNDRED AND NO/ CENTS    Dollars ($ 100.00  ) paid by the said second
party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim
unto the said second party forever, all the right, title, interest and claim which the said first party
has in and to the following described parcel of land, and improvements and appurtenances there-
to in the County of CAROLINE         , State of VIRGINIA         to wit:

ICE HOUSE

MILFORD, VIRGINIA

LOT # 62 & PART OF#27 & PART OF#61
LOCATED OFF OF STATE ROUTE # 722

TAX MAP# 53c-3-27a

BOOK 504 PAGE 367

IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

_(signature)_
Signature of Witness

SAMANTHA M. LEE
Print name of Witness

Signature of Witness

Print name of Witness

X _(signature)_
Signature of First Party

EDGE REALTY L.C./ OTILIA S.JENSEN
Print name of First Party

Signature of First Party

Print name of First Party

State of Virginia )
County of Caroline )
On Dec. 9, 1998          before me,
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_(signature)_          5-31-02
Signature of Notary

Affiant ____ Known ____ Produced ID
Type of ID ✓ License
                                        (Seal)

State of )
County of )
On          before me,  .
appeared
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature of Notary

Affiant ____ Known ____ Produced ID
Type of ID _____
                                        (Seal)

_(signature)_
Signature of Preparer

ARCHIE L. ROBERTS
Print Name of Preparer
6232 MASSAPONAX CHURCH ROAD
FREDERICKSBURG, VIRGINIA, 22407
Address of Preparer

(2)

If your state require 8 ½" x 11" forms, cut off the bottom of this page at the dotted line.

VIRGINIA:  In the Clerk's Office of the Circuit Court of Caroline County.  The foregoing instrument was this day presented in the office aforesaid and is, together with the certificate of acknowledgement annexed, admitted to record this ____ day of December 19__ 98 ____ M. The tax imposed by §58.1-802 of the Code has been paid in the amount of $ N/A

Teste: _(signature)_ Ray S. Campbell jr Clerk

EXHIBIT F

STAFFORD COUNTY CIRCUIT COURT

Grantees' Address:
5 Carriage Hill Drive
Fredericksburg VA 22407
Consideration: $405,000.00

~~Return to~~ / Prepared by:
Jarrell, Hicks, Sasser & McCarthy, P.C.
P.O. Box 127
Spotsylvania, VA 22553-0127

Return to:
NAGEOTTE, NAGEOTTE & NAGEOTTE
Attorneys at Law
385 Garrisonville Road, Suite 201
Stafford, Virginia 22554

**TAX MAP NUMBER : 18 Parcel 21**

## SPECIAL WARRANTY DEED

THIS DEED, made and entered into this 27th day of April, 1999, by and between

ARCHIE L. ROBERTS, Grantor; and CROWN MANOR, INC., Grantee.

## WITNESSETH:

That for and in consideration of the sum of Ten Dollars ($10.00) cash in hand paid,

and other good and valuable consideration, the receipt of which is hereby acknowledged,

the Grantor does hereby grant, bargain, sell and convey unto the Grantee, with **SPECIAL**

**WARRANTY** and all Virginia statutory covenants of title, in fee simple, the following

described real estate, to-wit:

All that certain lot or parcel of land, with all rights and privileges
thereto appurtenant, situate, lying or being in the Falmouth District of
Stafford County, Virginia, and containing 210.056 acres, more or less, as
described in the deed recorded in the Stafford County Circuit Court Clerk's
office in Deed Book 726 at page 270; **LESS AND EXCEPT:** 45.3115
acres as shown on Plat recorded in the aforesaid Clerk's office in Plat
Book 20, pages 4-6; and further **LESS AND EXCEPT:** Parcels 21C
and 21D, as shown on the plat recorded in the aforesaid Clerk's Office in
Plat Book 23, pages 279-282; and further, **LESS AND EXCEPT:**
that parcel shown as 0.6535 acre, TM#18-21RH (also known as 459 Rock Hill
Church Road, Stafford County, Virginia), as shown on Quitclaim Deed recorded

1

in the aforesaid Clerk's office as LR 980024170.

The property conveyed hereby being further described as:  A. Tynae's Point Sub 97-86, Tax Map #18, Parcel 21, Zone A-1, Total Lot Area 148.6431 acres, street 8.2297 acre, Site 156.8910 acres, being a portion of the Property acquired by the Grantor from Edge Realty, L.C. by deed dated December 6, 1998, and recorded in the aforesaid Clerk's office in LR 980024170.

This conveyance is made SUBJECT TO any and all easements of record.

Reference is hereby made to the aforementioned deed, plat and other instruments in the chain of title for a more particular description of the property herein conveyed.

**WITNESS** the following signatures and seals:

_____(SEAL)
ARCHIE L. ROBERTS

State of Virginia at Large
City/County of _Spotsylvania_____, to-wit:

The foregoing instrument was this 27th day of April, 1999, duly acknowledged before me by ARCHIE L. ROBERTS, Grantor.

My commission expires: 11-30-99_____.

_Teresa Crupenberry_
Notary Public                                          [SEAL]

2

COMMONWEALTH OF VIRGINIA,
COUNTY OF STAFFORD TO-WIT:
    IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT FOR THE
COUNTY OF STAFFORD, THE 28 DAY OF April , 1999
THE FOREGOING DEED                    WAS PRESENTED AND
WITH THE CERTIFICATE ANNEXED ADMITTED TO RECORD AT  15:15
PM  AND INDEXED AFTER PAYMENT OF $405.00 TAX IMPOSED
BY 58.1-800., ET, SEQ.                TESTE:

                        THOMAS MONCURE, JR., CLERK

Exhibit G

LR    970017553

STAFFORD COUNTY CIRCUIT COURT

Prepared By: Cawthorn, Picard & Rowe

THIS DEED, made this 18th day of November, 1997, by and between EDGE

REALTY, L.C., a Virginia limited liability company, GRANTOR, and   ERNEST L.

HAZELWOOD, JR., GRANTEE.

### W I T N E S S E T H:

That for and in consideration of the sum of TEN ($10.00) DOLLARS and other

valuable consideration, the receipt whereof is hereby acknowledged, the Grantor

hereby grants and conveys with GENERAL WARRANTY and English Covenants of

Title, subject to the terms hereof, unto the Grantee, in fee simple, the following

described real estate, to-wit:

> THAT certain tract or parcel of real estate located in Hartwood District, Stafford County,
> Virginia, and being more particularly described as follows:
>
> Commencing at a point designated by an iron pipe on the East side of State Route 17 on the
> line between the property of T.L. Watts and Curtis; thence North 50 degrees 44' 25" W. 92.25
> feet to a point in the corner of the intersection of U.S. Route 17 and State Route 698; thence
> North 36 degrees 45' 45" E 177.78 feet in a straight line parallel to and 15 feet East of the
> center line of State Route 698 to an iron pipe in T.L. Watts' line; thence South 50 degrees 30"
> 45" E. 83.84 feet to an iron pipe in the line of the Curtis property; thence South 29 degrees
> 38' 40" W. 166.00 feet along the East side of an outlet from Spindle's property to State Route
> 17 to an iron pipe in Curtis' line; thence South 7 degrees 38' 40" W. 16.00 feet to the point
> of beginning, containing 0.306 acres as shown on plat of Edison L. Sullivan, C.L.S., dated
> December 23, 1968, referred to in the deed from Stafford Land Corporation, recorded in Deed
> Book 235, page 521.
>
> BEING the same real estate conveyed to Edge Realty, L.C., a Virginia limited liability company,
> by deed from Earl H. Jensen and Otilia S. Jensen, husband and wife, dated February 2, 1995,
> recorded March 13, 1995, in the Clerk's Office, Circuit Court, Stafford County, Virginia, in
> Deed Book 1097, page 367.

This conveyance is made subject to those restrictions, conditions and easements

of record to the extent that they may lawfully apply to the property hereby conveyed.



Plural shall be substituted for the singular and the singular for plural wherever the context hereof so requires.

IN WITNESS WHEREOF, the Grantor has caused this deed to be executed on its behalf pursuant to corporate authority and corporate resolution which has not been rescinded or modified.

EDGE REALTY, L.C.
a Virginia limited liability company

By:~~Edge Realty L.C.~~    (SEAL)
Archie L. Roberts, Power of Attorney for
Otilia Jensen, manager, of Edge Realty,
L.C.

STATE OF VIRGINIA

COUNTY/CITY OF _Henrico_, to-wit:

The foregoing instrument was acknowledged before me this _18th_ day of _November_, 1997, by EDGE REALTY, L.C., a Virginia limited liability company, by Archie L. Roberts, Power of Attorney for Otilia Jensen, manager, of Edge Realty, L.C., acting herein, duly authorized.

_____
Notary Public

My Commission Expires: _7/31/2000_

GRANTEE'S ADDRESS:
Ernest Hazelwood
c/o Westdor Investment.

COMMONWEALTH OF VIRGINIA,
COUNTY OF STAFFORD TO-WIT:
    IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT FOR THE
COUNTY OF STAFFORD, THE  19   DAY OF November, 1997
THE FOREGOING DEED                        WAS PRESENTED AND
WITH THE CERTIFICATE ANNEXED ADMITTED TO RECORD AT 11:36
Am AND INDEXED AFTER PAYMENT OF $  85°°  TAX IMPOSED
BY 58.1-800., ET. SEQ.              TESTE:

                              THOMAS MONCURE, JR., CLERK

                         By: Michael A Kordick, JR

Motion

for

Judgement

(Background)

Otilla Jensen

quit claim deeds attached

Otilla Jensen
told owed IRS (fraud)
she the
by Archie Roberts

**VIRGINIA:**

### IN THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY

| | | |
|---|---|---|
| **OTILIA S. JENSEN** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **THE EARL H. JENSEN TRUST** | ) | |
| **BY OTILIA S. JENSEN, TRUSTEE** | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Law No. _____ |
| | ) | |
| **ARCHIE L. ROBERTS** | ) | |
| **6232 Massaponax Church Road** | ) | |
| **Fredericksburg, Virginia** | ) | |
| **(Spotsylvania County)** | ) | |
| | ) | |
| **ARCHIE L. ROBERTS** | ) | |
| **HOME IMPROVEMENTS, INC.** | ) | |
| **A Virginia Corporation** | ) | |
| **Serve: Archie L. Robert** | ) | |
| **Director in Dissolution** | ) | |
| **6232 Massaponax Church Road** | ) | |
| **Fredericksburg, Virginia** | ) | |
| | ) | |
| **SAMANTHA LEE** | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

### MOTION FOR JUDGMENT

COME NOW the Plaintiffs, Otilia S. Jensen and The Earl H. Jensen Trust by

Otilia S. Jensen, Trustee, by Counsel, and for their Motion for Judgment jointly and

severally against the Defendants, on the grounds and in the amounts as hereinafter set

forth, allege as follows:

1.    Otilia S. Jensen is a resident of Caroline County, Virginia who is now 88

years of age. She was the wife of Earl H. Jensen, who died on September 18, 1995.

1

2.      The Earl H. Jensen Trust is a Virginia trust that was created by Earl H.

Jensen by trust agreement dated July 15, 1994 (the "Trust").  By the said agreement, Earl

H. Jensen named his wife, Otilia S. Jensen, as Trustee and primary beneficiary.  The

Trust prohibited the Trustee from taking any part in any decision regarding discretionary

distributions to such Trustee if such discretion was not subject to the ascertainable

standard set forth therein requiring distributions to be necessary for the Trustee's health,

education, maintenance or support.

3.      Archie L. Roberts is an individual who resides at 6232 Massaponax

Church Road, Fredericksburg, Virginia, which address is located in Spotsylvania County,

Virginia.

4.      A. L. Roberts Home Improvements, Inc. was a Virginia Corporation, (the

"Corporation") owned and operated by Archie L. Roberts, who acted as its sole director

and officer.  The Corporation was dissolved by the Virginia State Corporation

Commission on or about _____, thereby leaving Archie L. Roberts as its

director in dissolution.

5.      Samantha Lee is an individual who resides at _____.

6.      Edge Realty, L.C. is a Virginia Limited Liability Company, (the "LLC")

which was formed on or about July 15, 1994 by Earl H. Jensen and Otilia S. Jensen. Earl

H. Jensen owned a 44.6% interest in the LLC, (which interest became vested in the Trust

by operation of the Will of Earl H. Jensen at the time of his death), and Otilia S. Jensen

owned a 44.6% interest in Edge Realty, L.C.  The remaining interests in the LLC had

been gifted by Earl H. Jensen and Otilia S. Jensen shortly after its creation, and are now

owned by other Jensen family members and one Mary Ann Roberts.

7.      Following the creation of the LLC, Earl H. Jensen and Otilia S. Jensen transferred and conveyed real and personal properties owned by them to the LLC, which properties had substantial value, estimated to be in excess of ONE MILLION SIX HUNDRED THOUSAND AND NO/100 DOLLARS ($1,600,000.00) at that time.

8.      On or about September 18, 1995 Earl H. Jensen died. His will was probated in Will Book 57, Page 386, in Caroline County Circuit Court.

9.      By his Will, Earl H. Jensen left his personal property and residence to his wife, Otilia S. Jensen, and gave the residue of his real and personal property to the Trust, to be held under the terms of the Trust Agreement at the time of his death.

10.     The death of Earl H. Jensen left Otilia S. Jensen as the manager of the LLC, pursuant to the terms of the LLC Agreement.

11.     During the last few months of 1996, Otilia S. Jensen became acquainted with the Defendant, Archie L. Roberts, and engaged him and his company, Archie L. Roberts Home Improvements, Inc., to perform construction and repair work on her personal residence and some of the real properties owned by Edge Realty, L.C.

12.     Plaintiff, at all times relevant hereto, was of advanced age, and by reason thereof, Plaintiff was incapacitated from conducting her business.

13.     Defendant Roberts, knowing of Plaintiff's advanced age and incapacity, and desiring to take advantage thereof for the purpose of defrauding Plaintiff, represented to Plaintiff that he could help her manage her personal and business affairs. Defendant Roberts advised Plaintiff to terminate the employment of all attorneys and accountants she had engaged to represent her, the Trust, or the LLC, and to engage him to perform all services for her in the future.

3

14.     Defendant Roberts then procured and caused Plaintiff to execute numerous instruments in writing, in the form of written powers of attorney, management/consultant agreements, a trust maintenance agreement for the Earl H. Jensen Revocable Trust, and management agreements for the LLC, all granting the Defendant Roberts the authority to act on Plaintiff, Otilia S. Jensen's, behalf as her sole agent and fiduciary.

15.     Under Defendant Roberts' control and influence, Plaintiff Otilia S. Jensen delivered to Roberts all of her personal books and papers, all books and papers related to the Trust, and all books and papers for the LLC.

16.     Upon information and belief, on or about March 16, 1998, the Defendant Roberts and the Defendant Lee met with an attorney, Mr. Paul Simpson, for the purpose of having him draw a Petition for Appointment of Successor Trustee of the Earl H. Jensen Trust.

17.     The petition was drawn and filed with the Circuit Court of Caroline County, Virginia, seeking the appointment of Archie L. Roberts as Successor Trustee on the Earl H. Jensen Trust.

18.     An Answer to The Petition for Appointment of Successor Trustee was filed by Robert Earl Jensen, son of Otilia S. Jensen, requesting the court to investigate the allegations of the Petition and to inquire into the qualifications and propriety of Archie L. Roberts serving as a Successor Trustee of the Earl Jensen Trust. After the filing of this answer, the Petition for Appointment of Successor Trustee was withdrawn.

19.     Shortly after the Petition for Appointment was withdrawn, and unknown to Otilia S. Jensen at all relevant times hereto, on or about November 8, 1998, Caroline

4

County issued a stop work order on one of the properties belonging to the LLC in Caroline County, Virginia, on which Defendant Roberts and Defendant Corporation had contracted to perform work.

20.    On or about _____, A. L. Roberts Home Improvements, Inc. was terminated by the State Corporation Commission.

21.    Defendant Roberts, at various times during his dealings with Plaintiff Otilia S. Jensen, and in order to effect his fraudulent purposes, falsely represented to Jensen that she and the LLC owed substantial sums of money for taxes and other liabilities; that as a part of his helping her to manage her personal and business affairs he needed her to execute various documents giving him authority to act on her behalf; and that he needed her to execute various documents conveying the property of Otilia S. Jensen, the LLC, and the Trust, or any of them, to himself and others.

22.    These representations made by Defendant Roberts were false, were known by Defendant Roberts to be false, and were made maliciously and with the intent to deceive the Plaintiff.

23.    These representations made by Defendant Roberts were relied upon by the Plaintiff Otilia S. Jensen to her detriment, and the detriment of others.

24.    By virtue of the powers of attorney obtained by Roberts from Otilia S. Jensen, individually, and on behalf of the LLC, Archie L. Roberts held a fiduciary relationship to Otilia S. Jensen, the Trust, and the LLC and had a fiduciary obligation to manage and invest his principals' assets in accordance with the provisions of the operative agreements, and in accordance with the prudent man standard, to keep and render to his principals an account of money or other things that he had received or paid

out on behalf of his principals, and to avoid any and all self-dealing and conflicts of interest with Otilia S. Jensen, the Trust, and the LLC.

25.    Defendant Roberts, by virtue of his confidential relationship with Plaintiff Otilia S. Jensen, and under the powers granted to him as an attorney-in-fact, obtained signature authority on the bank accounts of Otilia S. Jensen and the LLC and opened new joint bank accounts with Otilia S. Jensen and the LLC on which he had signature authority, allowing him to make withdrawals from such accounts.

26.    Defendant Roberts, in breach of his fiduciary relationship with Plaintiffs, in breach of his agreements with Plaintiffs, in breach of the operative provisions of the agreement creating the Trust, and in violation of all trust placed in him, wrote checks to himself and his company from the accounts for Otilia S. Jensen, and failed or refused to give any accounting to Plaintiffs for his self-serving transactions.

27.    Relying upon Defendant Roberts' false representations, Plaintiff Otilia S. Jensen executed various instruments transferring properties from herself and the Trust, or either of them, to Defendant Roberts.

28.    The Defendant Archie L. Roberts, together with Samantha Lee, had contacted Paul Simpson to have Archie L. Roberts appointed as Trustee of the Earl H. Jensen Trust.

29.    The Defendant Archie L. Roberts and Samantha Lee conspired to defraud the Plaintiff Otilia S. Jensen and the Trust.

30.    Archie L Roberts represented to the Plaintiff Otilia S. Jensen and to the Circuit Court of Caroline County that he was duly qualified to be appointed as Trustee of the Trust and that he was familiar with its terms and conditions and would act in

accordance with the terms of the Trust, having filed with the Court a Petition for

Appointment as Successor Trustee.

31.    These representations were false, were known to be false, and were made

as a part of the scheme to defraud the Plaintiffs.

32.    Defendant Roberts and Lee, in order to further effect their fraudulent

purposes, falsely represented to Plaintiff that she needed to execute a number of deeds for

properties owned by the LLC to transfer these properties to the Defendant Roberts, which

deeds they represented were necessary to Defendant Roberts helping the Plaintiff Otilia

S. Jensen to manage her affairs and those of the Trust, and that these conveyances would

not exclude any of Plaintiff Otilia S. Jensen's family members from their share of the

Trust or from their share of the LLC.

33.    The aforesaid deeds were all prepared by Defendant Roberts and

witnessed by Defendant Lee, the same parties who had attempted to have Defendant

Roberts appointed as Successor Trustee on the Trust.

34.    Plaintiff, because of her age and disabilities, believed Defendants'

representations to be true, and relying thereon, granted the Defendant Roberts the

aforesaid authority and signed the aforesaid instruments, acknowledged the same, and

delivered them to Defendant Roberts.

35.    On or about April 27, 1999, by special warranty deed, Defendant Roberts

conveyed one of the parcels of real estate he had fraudulently procured upon Plaintiff

Otilia S. Jensen's signature from the LLC to Crown Manor, Inc. for the sum of

$405,000.00, with said deed being recorded in the Stafford County, Virginia Circuit

Court Clerk's Office as Instrument Number LR 990008932.

36.    Although the consideration paid for the Crown Manor real estate transfer was less than the value of the property, Defendant Roberts personally received substantial sums upon sale of the property.

37.    No consideration whatsoever passed from Defendant Roberts to Plaintiff Otilia S. Jensen, the Trust or its beneficiaries, or to the LLC or any members of the LLC following sale of the Crown Manor property, or for any other property transferred to Defendant Roberts, or managed by Defendant Roberts.

38.    As a result of the fraudulent actions of the Defendants, the LLC was made insolvent, and the Plaintiff Otilia S. Jensen was advised and caused to file an involuntary petition in bankruptcy against the LLC with the expectation that a bankruptcy trustee would be able to recover assets for the bankruptcy estate of the LLC under the fraudulent conveyances provisions of the Bankruptcy Code. The costs of this proceeding have been borne entirely by the Plaintiff, Otilia S. Jensen, and were caused by the fraudulent acts of the Defendants.

39.    Defendant Roberts had a duty in his relations with Plaintiff to act as her fiduciary, and to exercise the judgment, care, skill, prudence and diligence that a prudent person familiar with such matters would exercise under the circumstances, and not to act in his own self-interest in complete violation of such duties.

40.    Defendant Roberts convinced Plaintiff Otilia Jensen to invest the sum of $40,000.00 in two vans which he titled in his own name for the stated purpose of a van pool business which Defendant Roberts stated was to derive income for Plaintiff and her beneficiaries. Defendant Roberts failed to account for any business activity of such business, never paid any sum of money to Plaintiff from such business, and refused to

8

pay for the vehicles or to return possession and titles to the vehicles to Plaintiff upon

demand.

Count I - Fraud

Count II -Breach of Contract

Count III - Breach of Fiduciary Duties

Count IV – Conversion

# LAKE & LAKE, P.C.

*ATTORNEYS AND COUNSELLORS AT LAW*

FOREST OFFICE PARK
SUITE 206 - JEFFERSON BUILDING
8100 THREE CHOPT ROAD
RICHMOND, VIRGINIA 23229
TELEPHONE: (804) 282-9500

FACSIMILE:
(804) 282-5282

MAILING ADDRESS:
P.O. BOX K-53
RICHMOND, VIRGINIA 23288

# FACSIMILE COVERSHEET

**DATE:**      October 26, 2005

**TO:**      Robert B. Easterling, Esquire

**FIRM:**

**FROM:**      Kevin A. Lake, Esquire

**FAX NUMBER TO BE CALLED:**  540-373-5234

**PHONE NUMBER OF RECEIVING PARTY:**

**RE:**   Edge Realty, L.L.C.; Bankruptcy Case No.: 99-34405

**TIME OF FIRST TRANSMISSION ATTEMPT: 4:10 p.m.**

**NUMBER OF PAGES INCLUDING COVERSHEET:  7**

**ADDITIONAL  INFORMATION:**

The information included in this transmission is intended for the addressee only.  It should be considered part of the
Attorney/Client Privilege, and must be kept confidential.  If you receive this transmission in error, you should contact
the sender and immediately destroy the documents received in error.
**PLEASE DELIVER THIS TRANSMISSION IMMEDIATELY**

# LAKE & LAKE, P.C.
### ATTORNEYS AND COUNSELLORS AT LAW

FOREST OFFICE PARK
8100 THREE CHOPT ROAD, SUITE 206
RICHMOND, VIRGINIA 23229
TELEPHONE: (804) 282-9500
FACSIMILE: (804) 282-5282
www.lakelakelaw.com

KEVIN A. LAKE
MARY F. BALTHASAR LAKE

MAILING ADDRESS:
P.O. BOX K-53
RICHMOND, VIRGINIA 23288

October 26, 2005

**VIA FACSIMILE ONLY**
Robert B. Easterling, Esquire
2217 Princess Anne Street, #100-2
Fredericksburg, Virginia 22401
FACSIMILE:  540-373-5234

Re:    *Edge Realty, L.L.C.*; Bankruptcy Case No.: 99-34405

Dear Bob:

Per my telephone conversation with your assistant, please find faxed herewith a list of properties administered by the trustee in the above-captioned case.

I would greatly appreciate Ms. Jensen providing me with the debtor's tax basis for each of the properties so that same can be provided to the trustee's accountant.

Also, when you have a chance, please call me to discuss whether Ms. Jensen has any interest in purchasing the judgment that the trustee has against Archie Roberts and/or others.

For your information, the disposition of the judgments and the estate tax returns are among the last items to be dealt with before distributions can be made in the case.

Thank you for your attention to these matters.

Very truly yours,

Kevin A. Lake

KAL/mm
cc:    Sherman B. Lubman, Chapter 7 Trustee (via fax only)

## EXHIBIT A

### *(Properties in Caroline County, Virginia: PAGE 1 OF 3)*

PARCEL 1

ALL those certain lots or parcels of land lying and being in Bowling
Green Magisterial District, Caroline County, Virginia, located at or
near Milford on the southeast side of Route 722 northeast of the
intersection of Route 722 and Healy Street, and more particularly described
as Lot 62 and the western portion of Lot 61, Meadow View Subdivision,
on a plat of survey by M.C. Baker dated July 30, 1956 and recorded in the
Clerk's Office of the Circuit Court of Caroline County, Virginia, in Deed
Book 142, page 373, and containing two hundred eight-nine thousands (0.289)
acre, more or less.
AND

ALL that certain lot or parcel of land lying and being in Bowling Green
Magisterial District, Caroline County, Virginia, located on the northwest side
of a fifteen (15) foot alley which borders the northwest side of the above-described
property, and more particularly described as a part of Lot 27, Meadow View
Subdivision, on said plat.

BEING the same real estate conveyed to Earl H. Jensen from Donald J. Pitts and Aileen
W. Pitts, husband and wife, and Gary H. Watts and Joyce P. Watts, husband and wife by
Deed dated July 20, 1989 and recorded in the aforesaid Clerk's Office, Circuit Court,
Caroline County, Virginia in Deed Book 342, page 583.

ALSO KNOWN AS:

ICE HOUSE
MILFORD, VIRGINIA
LOT #62 & PART OF #27 & PART OF #61
LOCATED OFF OF STATE ROUTE # 772
TAX MAP# 53c-3-27a

TOGETHER WITH all the improvements now or hereafter erected on the
property and all easements, appurtenances, and fixtures now or hereafter
a part of property.

BEING the same real estate conveyed to Archie L. Roberts from Edge Realty, L.C./Otilia
Jensen, by Quitclaim Deed dated December 6, 1998 and recorded in the aforesaid Clerk's
Office at Deed Book 504, Page 366.

## EXHIBIT A

### *(Properties in Caroline County, Virginia: PAGE 2 OF 3)*

PARCEL 2

ALL that certain tract, piece or parcel of land, together with the
appurtenances thereto belonging or in anywise thereunto appertaining,
lying, being, and situate in Bowling Green Magisterial District,
Caroline County, Virginia, containing 13.520 acres, more or less,
South of the Town of Bowling Green, and more particularly described
on a plat of survey by Robert L. Downing, Surveyor, dated July 7,
1972, recorded in the Clerk's Office of the Circuit Court of Caroline
County, Virginia, in Deed Book 194 at Page 221, reference to which plat
is hereby made for a more particular description of the land herein conveyed.

LESS AND EXCEPT 2.000 acres conveyed to Keith D. Byers and Catherine
J. Byers, by deed recorded in Deed Book 401, page 273 in the Clerk's Office,
Circuit Court, Caroline County, Virginia.

TOGETHER with an easement over lands of Maury Heights Corporation in
Green Acres Subdivision, designated on plat as 50' R/W, extending approximately
195 feet, subject to a reservation of common use by Maury Heights Corporation.

BEING the same real estate conveyed to Earl Jensen from Robert L. Marrero.
Trustee in Bankruptcy by Deed dated April 3, 1990 and recorded in the aforesaid
Clerk's Office in Deed Book 354, page 528.

ALSO KNOWN AS:

11.52 AC. B. Green
TAX MAP # 43-A-84

TOGETHER WITH all the improvements now or hereafter erected on the
property and all easements, appurtenances, and fixtures now or hereafter
a part of property.

BEING the same real estate conveyed to Archie L. Roberts from Edge Realty,
L.C./Otilia Jensen, by Quitclaim Deed dated December 6, 1998 and recorded in
the aforesaid Clerk's Office at Deed Book 504, Page 370.

## EXHIBIT A

### *(Properties in Caroline County, Virginia: PAGE 3 OF 3)*

PARCEL 3

ALL that certain piece or parcel of land, with all improvements thereon, lying, being and situate in Bowling Green Magisterial District, Caroline County, Virginia, on Route 631, adjoining the lands formerly owned by G. R. Farmer and Lelia T. Pitts containing in area six-tenths (.6) of an acre, more or less, and being more definitely and particularly described on a plat or survey made by John R. Wigglesworth, Certified Land Surveyor, under date of December 9, 1949, which said plat is duly recorded in the Clerk's Office of the Circuit Court of Caroline County, Virginia, in Deed Book 130, page 412.

BEING the same property conveyed to Earl H. Jensen by deed of Mark Lipscomb and Sylvia Lipscomb, dated September 28, 1988, and recorded in the Clerk's Office of the Circuit Court of Caroline County, Virginia, in Deed Book 329, at page 185.

ALSO KNOWN AS:

CHURCH
TAX MAP#43D - A - 8
G.R. FARMER
STATE ROUTE 631

TOGETHER WITH all the improvements now or hereafter erected on the property and all easements, appurtenances, and fixtures now or hereafter a part of property.

BEING the same real estate conveyed to Archie L. Roberts from Edge Realty, L.C./Otilia Jensen, by Quitclaim Deed dated December 6, 1998 and recorded in the aforesaid Clerk's Office at Deed Book 504, Page 368.

## EXHIBIT B

### *(Properties in Spotslyvania County, Virginia: PAGE 1 OF 1)*

ALL that certain tract or parcel of land, with all improvements thereon, situate, lying and being in Berkeley Magisterial District, Spotsylvania County, Virginia, on the West side of State Route 656, containing 3.133 acres, more or less, and described as "3.133 Acres" on that certain "Plat of Survey Located in Berkley Magisterial District, Spotsylvania County, Virginia, Surveyed for Kenneth R. Duerden," made by R. Wayne Farmer, C.L.S., dated September 7, 1971, and recorded in the Clerk's Office of the Circuit Court of Spotsylvania County, Virginia in Deed Book 287, page 509;

LESS AND EXCEPT that  portion conveyed to Creegan by deed recorded in Deed Book 526, page 213.

LESS AND EXCEPT that portion conveyed to the Commonwealth of Virginia by deed dated February 13, 1981, and recorded in Deed Book 526, page 213.

SUCH tract now said to contain 1.92 Acres, more or less.

BEING a portion of the same property conveyed to Earl H. Jensen and Otilia S. Jensen, by deed of Mid-State Homes, Incorporated, dated November 30, 1972, and recorded in the Clerk's Office of the Circuit Court of Spotsylvania County, Virginia, in Deed Book 309, at page 85. and by deed from T. C. Catlett dated May 3, 1973, recorded in Deed Book 317, page 86.

ALSO KNOWN AS:

7116 TOWLES MILL ROAD
TAX MAP # 60-(A)-23A
1.92 AC.
1 SINGLE FAMILY HOME

TOGETHER WITH all the improvements now or hereafter erected on the property and all easements, appurtenances, and fixtures now or hereafter a part of property.

BEING the same property conveyed to Archie L. Roberts, by Quitclaim Deed from Edge Realty, L.C./Otilia Jensen, dated December 6, 1998, and recorded in the Clerk's Office of the Circuit Court of Spotsylvania County, Virginia, in Deed Book 1640, at page 120.

## EXHIBIT C

*(Properties in Stafford County, Virginia: PAGE 1 OF 1)*

459 Rockhill Church Road, Stafford County, Virginia
(#18-21 RH, 0.6535 acres)
pursuant to a Quitclaim Deed recorded as LR 980024170 among the land
records of Stafford County, Virginia.

TOGETHER WITH all the improvements now or hereafter erected on the
property and all easements, appurtenances, and fixtures now or hereafter
a part of property.

BEING a portion of the same real estate conveyed to Archie L. Roberts
from Edge Realty, L.C./Otilia Jensen, by Quitclaim Deed dated December
6, 1998, and recorded in the aforesaid Clerk's Office in LR 980024170.

C:\A-1\e\te\BANKRUPTCLIENTS\UDMANCASES\EDGE\PLEADING\EXHIBITS2ROBERTSCONSENTORDER.MAY16.2002.doc

## UNITED STATES BANKRUPTCY COURT
Eastern District of Virginia
Richmond Division

In re:  EDGE REALTY, L.C.

CHAPTER 7

CASE NO.  99-34405-BNS
ADV. PRO.  NO. 99-3197-BNS

SHFRMAN B. LUBMAN,
Trustee in Bankruptcy of Edge Realty, L.C. *Plaintiff,*

v.

EDGE REALTY, L.C., Debtor,

ARCHIE L. ROBERTS,

CROWN MANOR, INC. *and*

ERNEST L. HAZELWOOD JR.,                    *Defendants.*

## MOTION FOR PRETRIAL ATTACHMENT AND SEIZURE OF PROPERTY AND/OR PRELIMINARY INJUNCTION, MEMORANDUM IN SUPPORT THEREOF, AND NOTICE OF MOTION AND HEARING

Sherman B. Lubman, Trustee in Bankruptcy of Edge Realty, L.C. ("Trustee"), by

counsel, pursuant to Fed. R. Bankr. P. 7064 and 7065, hereby moves the Court, for the purpose

of securing satisfaction of judgment to be entered in this matter,  for entry of an Order providing

for attachment and seizure of certain assets of defendant Archie L. Roberts ("Roberts") and/or a

preliminary injunction preventing Roberts from transferring, disposing of, removing, absconding

with, or encumbering same, and in support thereof, states as follows:

Kevin A. Lake, VSB #34286
Mary F. Balthasar-Lake, VSB #34899
LAKE & LAKE, P.C.
P.O. Box K-53
Richmond, Virginia 23288
(804) 282-9500
        Counsel for Sherman B. Lubman, Chapter 7 Trustee

sold one of the parcels of real estate to defendant Crown Manor, Inc. for

$405,000.00 ("sale proceeds");

e.    He transferred a portion of the sale proceeds to his brother, who lives outside the

Commonwealth of Virginia, and to his mother, who lives outside the

Commonwealth of Virginia; and

f.    He used a portion of the sale proceeds to, among other things, pay down the

mortgage on his real estate located at 6232 Massaponox Church Road,

Fredericksburg, Virginia 22407 ("Roberts' residence"), to pay for various

improvements to Roberts' residence, and to purchase six vans which he has titled

in his name and presently uses in a "van pool" business which he owns and

operates.

8.    The make, model, year, and vehicle identification number of each of the vans referenced

in paragraph 7 (c), above, are contained in Exhibit A, attached hereto and incorporated

herein by reference.

PRETRIAL ATTACHMENT AND/OR SEIZURE

9.    Fed. R. Bankr. P. 7064 incorporates Fed. R. Civ. P. 64 and provides that all remedies

providing for attachment or seizure of property for the purpose of securing satisfaction of

the judgment are available "under the circumstances and in the manner provided by the

law of the state in which the district court is held, existing at the time the remedy is

sought."

10.    Virginia Code §8.01-534 establishes the grounds of an action for pretrial levy, seizure or

attachment under this state's laws.

3

16.     Harm to Roberts occasioned by an injunction preventing him from converting, removing,

disposing of, absconding with, or encumbering his assets, if any, is far outweighed by the

harm the Trustee and the bankruptcy estate would suffer if such assets were unavailable

when it comes time to enforce and satisfy his judgment.

17.     Roberts' own deposition testimony establishes that there is a strong or substantial

likelihood or probability of success on the merits by the Trustee, in that he admitted that

he gave no consideration in exchange for the several parcels of real estate transferred by

debtor to him on or about December 6, 1998 and that such transfer rendered the debtor

insolvent.

18.     The public interest favors the granting of an injunction because it will permit the trustee

to preserve assets that may be liquidated for the benefit of creditors of the bankruptcy

estate.

WHEREFORE, the plaintiff, Sherman B. Lubman, Chapter 7 Trustee, respectfully

requests that the Court do the following:

a.      Grant attachment specifically against defendant Roberts' residence;

b.      Grant attachment specifically against all motor vehicles titled in Roberts' name or

the name of any business wholly owned by Roberts and order that an officer seize

and take possession of same;

c.      Grant attachment against Roberts' other assets, be they comprised of real or

personal property, wherever within the Commonwealth of Virginia that they

might be found, sufficient to secure a judgment against Roberts in the amount of

at least $405,000.00 plus interest, attorney's fees, and costs expended herein,

5

3.     *You must c⸱·so attend a hearing scheduled to be held on* DECEMBER 13, 2000, at 10:30 A.M. in the U.S. Bankruptcy Court, Richmond Division, U.S. Courthouse Annex, 1100 East Main Street, Richmond, Virginia 23219, in Room 335.

If you or your attorney do not take these steps, the court may deem any opposition waived or decide that you do not oppose the relief sought in the motion, and may enter an order granting that relief without further notice or hearing.

SHERMAN B. LUBMAN,
CHAPTER 7 TRUSTEE

By: _____
            ( Of Counsel

Kevin A. Lake, VSB #34286
LAKE & LAKE, P.C.
P.O. Box K-53
Richmond, Virginia 23288
(804) 282-9500
Counsel for Sherman B. Lubman, Chapter 7 Trustee
C:\A-LAKE\BANKRUPT\CLIENTS\LUBMAN\CASES\EDGE\PLEADING\ATTACHME.MOT

## CERTIFICATE OF SERVICE

Pursuant to the Local Rules of this Court, I certify that on November 22, 2000, I caused to be hand delivered or mailed, first class, postage prepaid, a true and exact copy of the foregoing Motion and Notice of Motion and Notice of Hearing to the following:

Gregg Nivala, Assistant U.S. Trustee
Office of the U.S. Trustee
The Shockoe Center Building
11 South 12th Street, Suite 224
Richmond, Virginia 23219

Louis S. Nuzzo, Esquire
10826 Courthouse Road
Fredericksburg, Virginia 22408

Edge Realty, L.C.
c/o Gary M. Nuckols, Esquire
1011 Charles Street
Fredericksburg, Virginia 22401

7

EXHIBIT A

A.       Commonwealth of Virginia Vehicle Title Transcripts.

# DMV

Virginia Department of Motor Vehic
P.O. Box 27412 Richmond, Va. 2326

TRANSCRIPT OF OFFICIAL CERTIFIED VEHICLE RECORD AS OF 04/12/2000
BY RICHARD D. HOLCOMB, COMMISSIONER                    PAGE: 1

REQUESTED BY:                          RSN FOR REQ: PERSONAL PROPERTY TAX COI
ROBERTS,ARCHIE LEE
6232 MASSAPONAX CHURCH RD                       USER ID: DMVDKH
FREDERICKSBURG VA 22407-8710                    LOC: 634

INFORMATION PROVIDED BY REQUESTOR: JHMBA3146HC029715

VEHICLE OWNER(S) - NAME/ADDRESS:                 CUSTOMER NUMBER:
  ROBERTS,ARCHIE LEE                               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
  6232 MASSAPONAX CHURCH RD
  FREDERICKSBURG VA 224078710

VEHICLE TITLE INFORMATION:
          TITLE NO: 70693585           VEHICLE MAKE: HONDA
      TITLE EST DT: 02/02/1999            BODY TYPE: 2D SDN
       PURCHASE DT: 02/02/1998               MODEL:
      VEHICLE YEAR: 1987                        VIN: JHMBA3146HC029715
    EMPTY/GROSS WGT: 2,337                 GVWR/GCWR:
          ODOMETER: 146,937          ODOMETER TYPE: ACTUAL MILEAGE
       SALES PRICE:                    SALES TAX PD:
          DLR PROC:                        PROC TAX:
       DISPOSITION: SOLD             DISPOSITION DT: 06/01/1999
       NCIC CHECKED: NO               STOLEN REPORT: NO
            DEALER: INDIVIDUAL
       CURRENT VCO: RED/
      ORIGINAL VCO: RED/

VEHICLE REGISTRATION INFORMATION:
NO CURRENT REGISTRATION INFORMATION ON FILE

    PRIOR PLATE#: YWN4294          PRIOR PLATE TYP: PASSENGER

OTHER VEHICLE INFORMATION: NONE ON FILE

NO ADDITIONAL OWNER ADDRESS INFORMATION AVAILABLE

        PLEASE NOTE:  IT IS UNLAWFUL TO USE THE INFORMATION FURNISHED ON
        THIS TRANSCRIPT FOR ANY PURPOSE OTHER THAN THAT STATED AS YOUR
        REASON.

THIS ENDS TRANSMISSION.

```
 TIQCUSP1        ***** Vehicles Currently Owned By Customer *****       6340269001
 09/25/2000   4:48pm                                           Wrk Dt 09/25/2000
=>:                                                                CRT 634014
 Act: I (C,I)
     Cust#: 264859442___  Nm: I / ROBERTS,ARCHIE,LEE_  _____
  Beg Ttl#: _____


A. Make: DODGE              Body: VAN          Yr: 1998 Plt#: YUH3793
   VIN: 2B5WB35Y8WK150409              #Owners: 1    Plt Typ: PASSENGER
   Ttl#: 70699710                      #Liens: 0     Plt Exp: 05/31/01
   Gar Juris: SPOTSYLVANIA                        Plt Status: RENEWAL
B. Make: HOMEMADE           Body: TRL    ·     -Yr: 1992 Plt#: UT68624
   VIN: VA225298TR                      #Owners: 2    Plt Typ: TRAILER PRIVATE
   Ttl#: 46687884                       #Liens: 0     Plt Exp: 02/28/01
   Gar Juris: SPOTSYLVANIA                        Plt Status: RENEWAL
C. Make: DODGE              Body: VAN          Yr: 1996 Plt#: H63035
   VIN: 2B5WB35Z5TK165311              #Owners: 1    Plt Typ: PASSENGER
   Ttl#: 70696909                      #Liens: 0     Plt Exp: 03/31/02
   Gar Juris: SPOTSYLVANIA                        Plt Status: RENEWAL


                     Enter Choice: _
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn quit  cgset flip  schlp      fwrd  notes              main
+'''?20 THERE MAY BE MORE RECORDS TO DISPLAY - PRESS PF8 TO SCROLL FORWARD
```

```
DIOCUSP1?              ***** Vehicles Curr???? - Owned By Customer *****        6340269001
09/25/2000  4:48pm                                                   ??? Dt 09/25/2000
                                                                        CRT 634014
ACC: I (C,I)
    Cust#: 264859442     Nm: I / ROBERTS,ARCHIE,LEE

A. Make: CHEVROLET          Body: TRUCK       Yr: 1979 Plt#: TS90293
   VIN: CPT3593321966             #Owners: 1       Plt Typ: TRUCK PRIVATE
   Ttl#: 70647848                 #Liens: 0        Plt Exp: 02/29/00
   Gar Juris: SPOTSYLVANIA                          Plt Status: RENEWAL
B. Make: DODGE               Body: PICKUP      Yr: 1990 Plt#: ZGA9927
   VIN: 3B7HM13Y2LM033789          #Owners: 1       Plt Typ: PASSENGER
   Ttl#: 70646101                 #Liens: 0        Plt Exp: 01/31/01
   Gar Juris: SPOTSYLVANIA                          Plt Status: RENEWAL
C. Make: DODGE               Body: VAN         Yr: 1996 Plt#: ZCB4103
   VIN: 2B5WB35Z2TK176542          #Owners: 1       Plt Typ: PASSENGER
   Ttl#: 70673621                 #Liens: 0        Plt Exp: 01/31/01
   Gar Juris: SPOTSYLVANIA                          Plt Status: RENEWAL

                         Enter Choice: _
Enter-PF1---PF2---PF3---PF4---PF5 --PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help retrn quit  cgset flip  schlp           fwrd notes              main
*M5067 END OF INQUIRY
```