UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:  ARCHIE LEE ROBERTS          CHAPTER 7
        DEBTOR                       CASE #21-31661-KLP

---

JASON E. JENSEN
        PLAINTIFF                    AP 21-03033-KLP

v.

ARCHIE LEE ROBERTS
        DEFENDANT.

### DEFENDANT'S MOTION DISMISS AND IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

COMES NOW, Archie Lee Roberts, (hereinafter the "Defendant" or "Roberts") by counsel, by counsel, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, and §§ 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code"), and move to dismiss with prejudice the Amended Adversary Complaint (AP Doc. No. 16) (the "Complaint") for failure to state a claim upon which relief can be granted and in the alternative Motion for Summary Judgment, pursuant to Fed. R. Bankr. P. 7056, with supporting sworn Verification by Roberts herein, and in support, states:

### JURISDICTION

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

3. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

---

Kimberly A. Chandler, VSB# 47897
CHANDLER LAW FIRM
P.O. Box 17586
Richmond, VA  23226
Office:  (804) 353-1971

## **PROCEDURAL HISTORY**

4. On May 19, 2021, Archie Lee Roberts filed a voluntary chapter 7 petition under Title 11 of the United States Code. Docket, Case No. 21-31661-KLP.

5. Roberts' initial 341 meeting of creditors was scheduled for June 28, 2021.

6. On June 17, 2021, Jason E. Jensen, (hereinafter the "Plaintiff" or "Jensen") filed his initial complaint[1] seeking revocation of Debtor's discharge with several attached exhibits, wherein Jensen purported to be a creditor of Roberts by way of an order (hereinafter "Jensen Order") dated November 13, 2006, upon a Motion to Approve Sale of Property ("Motion to Sell") of the Estate of Edge Realty, L.C. (herein after the "Edge Estate") obtained by Jensen in the Chapter 7, bankruptcy Case No. 99-34405-BNS. It appearing a true and accurate copy of the Jensen Order was attached by the Plaintiff in his initial complaint as Exhibit 3, as AP 21-03033-KLP Docket No. 1-3, therein listing two parties as to whom Jensen might collect a money judgment from and therein no apportionment of the debt being readily discernable from either party in the Jensen Order, aside from a $5,000.00, promissory note from Roberts.

7. Edge Realty, L.C., was the Debtor in an involuntary chapter 7 petition, filed on June 25, 1999, under Title 11 of the United States Code.

8. The Adversary Proceeding 21-03033-KLP, Cover Sheet stated that the following summarizes the nature of the suit:

    a. Objection/revocation of discharge - §727(c),(d),(e);

---

[1] Plaintiff's complaint states in paragraph 1: "This civil proceeding is based on 11 USC 523 and 11 USC 727." Later in the complaint under subtitle II, it states: "This is a request under 11 USC 523 paragraph (4), (7), (B), and (13) for a determination exempting the plaintiff's federal judgement [sic] from discharge."

  b. Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny;

  c. Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud;

  d. Dischargeability - §523(a)(6), willful and malicious injury; and/or

  e. Dischargeability – other, 11 U.S.C. 523(7)(13)[2] (sic).

9. The aforementioned initial Complaint purported to attach the Jensen Order, disposing of three property interest of the Edge Estate stating "The Trustee seeks …..approval of the sale and assignment of certain assets of the Estate to Jason E. Jensen". Thereafter the Jensen Order lists three assets of the estate and two judgments, one against Roberts and another against Ernest Hazelwood, Jr., and a promissory note executed by Roberts for $5,000.00. The Jensen Order describes at paragraph 1.a. "A money judgment against Archie Lee Roberts ("Roberts") entered by this Court on April 19, 2006, in favor of the Trustee, in the principal amount of $301,535.60", thereafter stating "The Trustee has entered into a written agreement to sell and assign the Assets to Jensen" for $28,000.00 payable on or before September 30, 2006.

10. The Jensen Order further states, "The agreed sale and assignment by the Trustee is without any warranties with respect to the value, enforceability, collectability, assignability, or marketability of the Roberts Judgment, the Hazelwood Judgment, or the Roberts Note."

11. On September 3, 2021, an Amended Complaint and Request for a Jury Trial, (hereinafter "Complaint2") was filed by Plaintiff. Complaint2 failed to attach and omitted all of the prior exhibits. Plaintiff failed to specify with particularity what matters were attempted to be placed before the Court. In addition, the alleged events contained in Complaint2,

---

[2] It is unclear what code section the Plaintiff is referring to in both his complaint and Adversary Proceeding Cover Sheet.

were claimed to have purportedly taken place <u>over two decades ago</u> and thus any further relevant cause of action, or actions, the dates of accrual and the standing of the Plaintiff, where no other dates have been asserted, remains mere speculation at this juncture by Defendant.

12. Moreover, Complaint2 is prejudicial to Defendant because all matters related to the "alleged fraud" under 11 U.S.C. §523, are absent factual pleadings as to standing, injury in fact and further having purportedly occurred prior the 1999, Chapter 7, bankruptcy Case No. 99-34405-BNS, where any cause of action for fraud would be barred by the applicable statute of limitations.  Thus, the failure to plead any dates whatsoever as to any matter at this juncture is further prejudicial.

13. To the extent that Complaint2 correctly places before the Court any matter it would be that the underlying judgment against Roberts, which as stated in paragraph III, page 3 of Complaint2, originated under a "fraudulent conveyance" cause of action predating 1999, as evidenced by the Chapter 7, bankruptcy Case No. 99-34405-BNS.  Moreover, the initial complaint contained exhibits supporting evidence that the underlying debt arose as a result of a settlement and not a formal adjudication of the facts therein.

14. Complaint2 glosses over in similar fashion any affirmative showing under §727, stating in 2009, John Lopes informed Jensen, that Archie Lee Roberts, owned "cars" under the name of "Archie Wearing".  Such statements do not rise to the level of implicating any redressable cause of action, where no affirmative evidence has been produced or even suggested that "Archie Wearing" a.k.a. Roberts, upon petition of this Court engaged in any active concealment of property, transfers or otherwise participated in any actionable misconduct.  Further, stated is that "a report obtained on Spokeo", (dates of the report

thereby omitted) for an "Archie Lee Roberts" suggests that a "Crypto email" exists. Thus, "the Debtor may own crypto currency". Such statements do not rise to the level of implicating any redressable cause of action, where no affirmative nexus exists between the petition date namely May 19, 2021, where the alleged "owning an email account" is not the equivalent of stating an active concealment on the part of Roberts on the date of filing or in fact any other actionable degree of misconduct.

15. Moreover, and equally problematic is that Jensen filed his initial complaint, absent any actionable claims, eleven days prior to the first meeting of creditors. In doing so, Jensen did not attempt to avail himself of any informal discovery to support his claim that matters are ripe for the Court's consideration, especially given the extraordinary relief that has been requested herein.

16. Defendant respectfully requests the Court to grant Defendant's motion to dismiss under *Rule* 12(b)(6), or in the alternative, Defendant's motion for summary judgment.

## STANDARD OF REVIEW

17. A motion to dismiss under *Rule* 12(b)(6) of the *Federal Rules of Civil Procedure* tests the legal sufficiency of a complaint. To survive the motion, a plaintiff must have proffered "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Vague and conclusory allegations are insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; see also *Vila v. Miami-Dade Cnty.*, 65 F. Supp. 3d 1371, 1377 (S.D. Fla. 2014) ("[C]onclusory

allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."); *Jackson v. Bellsouth Telecomms.,* Inc., 181 F. Supp. 2d 1345, 1353 (S.D. Fla. 2001) ("[A] court 'will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions.'" (citation omitted)).

## BURDEN OF PROOF

18. In order to effectuate this "fresh start" policy of bankruptcy relief, exceptions to discharge are narrowly construed with all doubts resolved in the Defendant's favor. Bellco First Federal Credit Union v. Kaspar (In re Kaspar), 125 F.3d 1358, 1361 (10th Cir. 1997); Kukuk v. Chevy Chase Bank, FSB (In re Kukuk), 225 B.R. 778, 782 (10th Cir. BAP 1998); Miller v. Gentry (In re Miller), 55 F.3d 1487, 1489 (10th Cir. 1995), cert. denied, 516 U.S. 916, 116 S.Ct. 305 (1995). It is a well-established rule that exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor. Kawaauhua v. Geiger (In re Geiger), 523 U.S. 57, 62, 118 S.Ct. 974 (1998). The burden of proof for establishing an exception to discharge is a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 287, 111 S.Ct. 654 (1991). Under the facts in the case at bar all presumptions should be resolved in favor Debtors discharge.

## ARGUMENT AND AUTHORITY UNDER RULE 12(b)(6)

19. Plaintiff's failure to plead that a case or controversy exists in relations to any alleged "debt" fails to meet the threshold requirement to establish standing in the matter. Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). A defect in standing must be addressed by the court, whenever it becomes

apparent. Sentinel Trust Co. v. Newcare Health Corp. (In re Newcare Health Corp.), 244 B.R. 167, 170 (1st Cir. BAP 2000) (citing U.S. v. AVX Corp., 962 F.2d 108, 116 n.7 (1st Cir. 1992) ).

20. First, Plaintiff must have standing to argue these matters, under §523 and "injury in fact" is the most basic element of standing. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The Supreme Court in *Lujan* stated that constitutional standing requires proof of three elements:

   a. First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical.

   b. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.

   c. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

   *Id.* 504 U.S. at 560–61, 112 S.Ct. 2130 (quotations and internal citations omitted).

21. To meet their burden, a Plaintiff appears to be suggesting that the Court should take judicial notice of the prior Jensen Order, where in Page 3, Paragraph 2, of Complaint2, Plaintiff correctly describes what he received namely a "money judgment" from Chapter 7 Trustee Sherman B. Lubman, as a result of a prior settlement with two parties obtained by the Trustee in an adversary proceeding to avoid fraudulent transfers of various parties.

It is clear that Jensen mistakenly believes that such fraudulent transfers are akin to the common law fraud, however such mis-held belief is contrary to the law.

22. Plaintiff as a third-party purchaser and/or assignee of the Jensen Order, does not having standing to pursue any torts, as torts are personal in nature. Likewise, the Chapter 7 Trustee was allowed to sell the asset to any person, including those having no nexus to the former litigation to administer the estate.

23. Further, even if Plaintiff could prove that the matter of common law fraud was adjudicated in the underlying 1999, Lubman adversary against Roberts, Plaintiff would still need to prove that he is a proper Plaintiff in the action herein. Plaintiff obtained his status, as a matter of assignment, said relief is contrary to the law. The Virginia Supreme Court recently reiterated its position that in Virginia, the source-of-duty rule prohibits suing in tort when the only basis for the duty breached lies in contract. *In MCR Federal, LLC v. JB&A, Inc.*, 294 Va. 446, 808 S.E.2d 186 (2017), decided on December 14, 2017, the seller of a government contracting business brought breach of contract and fraud claims against the buyer of their firm.

**PLAINTIFF FAILS TO ESTABLISH OR ALLEGE STANDING IN ANY MATTER RAISED UNDER 11 U.S.C. 523(A)(2),(4),(6),(7) OR (13)**

24. Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." In re Edwards , 454 B.R. 100, 104 (9th Cir. BAP 2011) (quoting Warth v. Seldin , 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ). It has both constitutional and prudential dimensions. The plaintiff bears the burden of establishing standing – as to both types – for each claim for relief asserted. In re Baroni , BAP No. CC-14-1578-KuDTa, 2015 WL 6956664, at *6-7, 2015 Bankr. LEXIS 3859, at *20-21 (9th Cir. BAP Nov. 10, 2015) (citing In re Veal , 450 B.R. 897, 907 n.11 (9th Cir.

BAP 2011) ). "Constitutional standing requires an injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, and which the requested relief will likely redress." In re Veal , 450 B.R. at 906 ; see also In re Tarantola , 491 B.R. 111, 118 (Bankr. D. Ariz. 2013) ("To establish constitutional standing, a creditor must clear the relatively low hurdle of demonstrating injury in fact, causation, and redressability."). "Prudential standing imposes limitations on the exercise of federal jurisdiction." In re Edwards , 454 B.R. at 104 (citing Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004) ). In essence, it "requires the plaintiff to assert its own claims rather than the claims of another." In re Griffin , BAP No. WW-11-1362-HKiJu, 2012 WL 1191894, at *3 (9th Cir. BAP Apr. 6, 2012) (citing Dunmore v. United States , 358 F.3d 1107, 1112 (9th Cir. 2004) ). Plys v. Ang (In re Ang), 589 B.R. 165 (Bankr. S.D. Cal. 2018).

**PLAINTIFF FAILS TO ESTABLISH OR ALLEGE INJURY IN FACT IN ANY MATTER RAISED UNDER 11 U.S.C. 523(A)(2),(4),(6),(7) OR (13)**
<u>**LEGAL ARGUMENT UNDER RULE 12(b)(6)**</u>

The Jensen Order appearing to be a public record attached by the Plaintiff in his initial complaint as AP 21-03033-KLP Docket No. 1-3, Exhibit 3, is not contested at this juncture, though Defendant does contest the justiciability of the matters Jensen places before the Court.

The Bankruptcy Code requires fraud to be plead with particularity as to matters raised under 11 U.S.C. §523(a) and thus under §523(a) (4), for fraud as fiduciary, embezzlement, larceny, such matters as plead are done so with no showing as to the essential elements which must be plead. Plaintiff has failed to show the Jensen Order, nor any other court order showing that Debtor committed fraud as a fiduciary, embezzlement or larceny.

The Bankruptcy Code as it relates to matters under 11 U.S.C. § 523(a)(2), for false pretenses, false representation, actual fraud.  Plaintiff has failed to show the Jensen Order nor any other court order or court finding of false pretenses, false representation, or actual fraud against the Debtor Archie Roberts.

The Bankruptcy Code as it relates to matters under 11 U.S.C. § 523(a)(6), willful and malicious injury by the debtor to another entity or property of another entity.  Plaintiff has failed to show the Jensen Order nor any other court order or court finding that debt owed to Plaintiff arose from a willful and malicious injury.  This exception to discharge requires more than just a willful act and an unintended consequence of malicious injury.  The Supreme Court in Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) summarizes the exception to discharge under 11 U.S.C. § 523(a)(6) requires that the act must be willful and that "the actor intend[ed] 'the consequences of an act,' not simply 'the act itself'". Id. at 523 U.S. 61-62 .

Furthermore, to satisfy § 523(a)(6), "the plaintiff must prove three elements by a preponderance of the evidence: (1) that the defendant's actions caused an injury to the plaintiff's person or property, (2) that the defendant's actions were willful, and (3) that the defendant's actions were malicious." Harrold v. Raeder (In re Raeder), 399 B.R. 432, 442 (Bankr. N.D.W. Va. 2009). In essence, the plaintiff must prove an "intentional tort with a subjective standard of intent [to injure]." KMK Factoring L.L.C. v. McKnew (In re McKnew), 270 B.R. 593, 636 (Bankr. E.D. Va. 2001).

In regards to the Bankruptcy Code as it relates to matters under 11 U.S.C. Bankruptcy Code § other, 11 U.S.C. 523(7)(13)[3] (sic).  It is unclear what bankruptcy code section Plaintiff is

---

[3] It is unclear what code section the Plaintiff is referring to in both his complaint and Adversary Proceeding Cover Sheet.

referring. There is no code section as 11 U.S.C. §523(7), §523(13), or §523(7)(13). To the extent that Plaintiff alleges grounds under 11 U.S.C. §523(a)(7), or §523(a)(13), it appearing that the Plaintiff is under the mistaken or misguided belief that the Chapter 7, Edge Estate was a "governmental unit" or that the Jensen Order, obtained from the sale of the prior Chapter 7 asset of the estate, in and of itself gives rise to an "order of restitution" therein. Plaintiff has failed to show the Jensen Order nor any other court order or court finding supports this erroneous conclusion.

Plaintiff further alleges multiple grounds of nondischargeability. Bankruptcy Code 11 U.S.C. §727(c),(d),(e) – Objecting to dischargeability of debt owed to Plaintiff. Which under the Bankruptcy Code § 727(c) allows the creditor, in this case the Plaintiff, to object to the granting of a discharge. In the case of in re Archie Lee Roberts, case # 21-31661-KLP, the court cannot revoke a discharge under 11 U.S.C. §727(d) and (e) because the discharge has not been issued yet.

Pursuant to Rule 12(b)(6), a court considers the facts alleged in the Complaint and reasonable inferences that can be drawn from those facts, in the light most favorable to the Plaintiff. The Court may not, however, assume that the Plaintiff can prove facts alleged. See *Associated Gen. Contractors v. California State Counsel of Carpenters*, 459 U.S. 519, 528 (1983). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the Plaintiff as true. See *G.E. Investment Private Placement Partners II v. Parker*, 247 F.3d 543 (4th Cir 2001). In doing so, dismissal is proper if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* At 548. However, a court need not accept self-serving, generalized, and conclusory allegations as true.

11

Plaintiff, does not articulate <u>even the minimal showing</u> pursuant to 11 U.S.C. § 727(c), where the pleadings on their face suggest Roberts owned vehicles, titled in a former name some twelve (12) years prior to the filing of his petition, nor that he is the alleged person who possesses a crypto email account, where nothing suggests what date or even year this information was obtained by Plaintiff.  Defendant would aver that such scintilla of evidence by proffer where no substantive facts have been suggested in relation to the filing of Debtors petition or his petition date without more does not meet with the minimal requirements under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable through Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

### SUMMARY JUDGMENT WHERE NO ISSUE OF MATERIAL FACTS HAVE BEEN PLACED BEFORE THE COURT BY PLAINTIFF

Summary judgment is appropriate where there are no genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986) ("although "if the evidence is merely colorable or is not significantly probative" summary judgement may then be granted.")  When taken in conjunction with the desire of Congress to allow Debtors a fresh start, exceptions to discharge are narrowly construed with doubts resolved in the Defendant's favor. Exceptions to discharge are construed narrowly, and the burden of proving that a debt falls within a statutory exception is on the party opposing discharge. Allegations of fraud must be proved by "clear and convincing evidence." See *In re Black*, 787 F.2d 503 (10th Cir. 1986); *Waterbury Community Federal Credit Union v. Magnusson (In re*

*Magnusson)*, 14 B.R. 662, 667 Bankr.N.D.N.Y.1981); *Kuehne v. Huff (In re Huff)*, 1 B.R. 354, 357 (Bankr.D.Utah 1979).

## **PROFFERED FACTS FOR PURPOSES OF SUMMARY JUDGMENT**

25.   Paragraphs one (1) through twenty-four (24) are incorporated by reference as if fully stated and proffered only for the purposes of the Motion(s) herein, where Defendant reserves all rights to dispute or otherwise make further finding of facts after the commencement of discovery.

26.   For purposes of the Summary Judgment the Court may consider that Plaintiff's proffered timeline of events as can be gleaned from the initial complaint and exhibit attached thereto docketed as AP 21-03033-KLP, state in relevant part the following;

   a) On May 5, 1999, Otilia S. Jensen executed a revocation of power of attorney as to Defendant.  See Exhibit 1, AP 21-03033-KLP Docket No. 1-3, page 1;

   b) On June 16, 1999, Otilia S. Jensen having tendered her resignation of as manager of Edge Realty, L.C., whereas she appointed as successor Jason Earl Jensen and directed that he deliver and execute all documents necessary in regards to filing of a bankruptcy petition with the Court.  See Exhibit 1, AP 21-03033-KLP Docket No. 1-3, page 4;

   c) Plaintiff's name and address appear on the June 21, 1999, service list on the certificate of service for the Notice of Revocation of Delegation and Resignation or Otilia S. Jensen.  See Exhibit 1, AP 21-03033-KLP Docket No. 1-3, page 5;

   d) On June 25, 1999, Edge Realty, L.C. became the Debtor Chapter 7, bankruptcy Case No. 99-34405-BNS, in which Otilia S. Jensen, part owner of Estate of Edge Realty, L.C. and beneficiary and Trustee of the co-owner namely the Earl Jensen Trust.  See Exhibit 1, AP 21-03033-KLP Docket No. 1-3, page 8-9; and

   e) Prior on or about March 16, 1998, when Defendant petitioned the Circuit Court of Caroline Country, Virginia, a response questioning the propriety and qualifications of Defendant was filed by Robert Earl Jensen, son of Otilia S. Jensen.  See Exhibit 1, AP 21-03033-KLP Docket No. 1-3, page 9.

27.   The above timeline by Plaintiff would establish that even if Jensen were a proper Plaintiff herein, that he possessed personal knowledge as early as 1998 and no later than June 21, 1999, of any and all alleged fraudulent acts which he now seeks to redress.

28. Thus, under Va.Code § 8.01-243(A) requires that actions for damages from fraud shall be brought within two years after accrual of the cause. Va.Code § 8.01-249(1) provides that a cause of action for fraud does not begin to accrue until the fraud is "discovered or by the exercise of due diligence reasonably should have been discovered." See *STB Mktg. Corp. v. Zolfaghari*, 240 Va. 140, 144, 393 S.E.2d 394, 397 (1990) (exercise of due diligence means "such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances ... depending on the relative facts of the special case") (quoting Black's Law Dictionary 411 (rev. 5th ed.1979)), *See In re Bilter*, 413 B.R. 290 (Bankr. E.D. Va. 2009), and thus said claims Plaintiff seeks to adjudicated would surely now be time barred.

29. Whereas herein, Plaintiff cannot establish that he can overcome the presumption any claims he asserts are now time barred based on his own pleadings. The Court should observe in *In re Bilter*, where Chief Judge Douglas O. Tice, Jr., ruled in referenced to a Motion for Summary Judgment that Plaintiff and Defendant submit evidence of the relevant dates to establish the running of the statute of limitation for claims 11 U.S.C. 523(a), where the matters having been taken under advisement were determined via brief.

30. Thus, in regards to the matters contained in the initial complaint, or Complaint2, said date on the Jensen Order, being November 13, 2006, thus not disputed herein, the Court should take judicial notice that all claims as of 2006, being the absolute latest date in time which might be feasibly plead at this juncture is time barred by any statute of limitations.

31. Accordingly, where no affirmative pleadings exist that suggest the conduct of Defendant under 11 U.S.C. 523(A)(2),(4),(6),(7) OR (13), can be plead as actionable the exercise of

summary judgment at this stage in the proceedings is in the best interests of the parties and also results in judicial economy.

32. Further, Jensen's claims as they relate to Plaintiff, pursuant to 11 U.S.C. § 727(c), where the pleadings on their face suggest Roberts owned vehicles, titled in a former name some twelve (12) years prior to the filing of his petition, nor that he is the alleged person who possesses a crypto email account are rebutted herein.  See below the verification by Robert and also Exhibit A, Affidavit of Roberts.  The de minimis nature of the allegations are rebutted by the simple fact that Roberts and his minor son of the same name are sharing an email account, for the purposes of his sons use of crypto currency in on line gaming.  Further, automobiles from 2009, as likewise not still owned by Roberts nor would they be operational at this point in time due to their age.  Defendant would aver that such scintilla of evidence by proffer where no substantive facts have been suggested in relation to misconduct on the part of Debtor in the filing of his petition or schedules thus Roberts having addressed the name of Archie Wearing, by amending his petition upon the advice of counsel Ellen Ray, there is still no showing that even minimal misconduct exists to go forward with a full dress trial on this issue.

## STATUTE OF LIMITATIONS

Plaintiff failed to produce any evidence that his judgment order or other court documents falls within one of the stated exceptions to discharge contained in the Plaintiff's complaint. Furthermore, even if standing could be overcome at this stage the statute of limitations prevents Jensen from pursuing those matters.  The previous bankruptcy from which the judgment order arose was filed on June 25, 1999, as an involuntary chapter 7 by Edge Realty, L.C., in the Eastern District of Virginia, Richmond Division, case no. 99-34405-DOT.  An adversary proceeding to avoid fraudulent transfers was filed on December 6, 1999, as case no. 99-03197-S

by the Sherman B. Lubman, the interim chapter 7 trustee. The adversary proceeding was settled with the judgment order that according to Plaintiff's Complaint was assigned by Sherman Lubman to Jason E. Jensen on April 18, 2006 (see Plaintiff's Complaint under Count I). No evidence provided by the Plaintiff shows any further actions filed in state court or bankruptcy court other than the current adversary proceeding.

33. The following Virginia statute of limitations are applicable in this case:

   I. Virginia Code §8.01-248 provides a two-year statute of limitations for personal actions for which no other limitation is provided.

   II. Virginia Code § 8.01-230 provides that a cause of action accrues and the limitation period begins to run from the date the injury is sustained.

   III. The limitations period may be tolled if the defendant intentionally misleads the plaintiff who is unaware of the wrongful act; however, the limitations period is tolled only until the plaintiff could reasonably have discovered the injury and will not be tolled where plaintiff failed to make reasonable inquiry. Resolution Trust Corp. v. Walde, 856 F,Supp. 281, 286, 289 (E.D. VA 1994).

   IV. Virginia Code §8.01-243(A) states that damages from fraud must be brought within two years after accrual of the cause.

   V. Virginia Code §8.01-249(1) states that a fraud cause of action doesn't begin to accrue until the fraud is "discovered."

   VI. Virginia Code §8.01-243d(B) states that the statute of limitation is 5 years after the cause of action accrues.

VII. Where a trust beneficiary is suing the trustee for breach of trust, Virginia's Uniform Trust Code §55-550.05(C) provides for a five year limitations period. The period runs from the first listed below to occur:

    a. Removal, resignation, or death of trustee.

    b. Termination of beneficiary's interest in the trust.

    c. Termination of the Trust

VIII. Paragraph D of Virginia's Uniform Trust Code §55-550.05 also requires a proceeding to commence within two years after the fraud is discovered.

Even if the date of the Jensen Order is used as the date of discovery, Plaintiff has missed his opportunity to pursue these claims to show wrongdoing that would exempt the proffered debt from discharge.

## **LEGAL STANDARD**

Defendant is entitled to summary judgment as there are no material facts in dispute and he is entitled to relief as a matter of law. See Fed. R. Bankr. P. 7056(a); see also Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004). In this case, Plaintiff demonstrated that he has a judgment order for a non-priority unsecured debt; however, he did not provide any evidence that Debtor committed any acts that would change the judgment order into a non-dischargeable debt under 11 U.S.C. § 523, Defendant further avers that the burden now shifts to the Plaintiff to rebut that there are no material facts in dispute and that he is entitled to relief as a matter of law.

A timely ruling herein would be in the best interest of judicial economy and at this juncture would save unnecessary and excessive costs to the Chapter 7 Debtor and Plaintiff in the preparation for trial. Defendant takes the position that an affirmative showing must be presented as to standing of Jensen to pursue his claims, under 11 U.S.C. 523, and in accordance with

precedent established in this Court Judge Tice, Jr., *In re Bilter,* show that Plaintiff can make an affirmative showing as to what claims if any are justiciable prior to proceeding to trial.

It appearing to Defendant all claims under 11 U.S.C. 523, are most certainly barred by the state law statute of limitations and also by federal law including but not limited to 18 U.S.C. §3282. Defendant avers that an affirmative showing has been made herein that all matter as they relate to 11 U.S.C. 523, fail as to standing, lack redressability, are non-justiciable or are moot.

Defendant makes a further showing that matters as plead under 11 U.S.C. §727, are wholly speculative, without merit and the expedited nature of the pleadings should leave a finder of facts with little doubt that the motive herein was at best to engage in a fishing expedition and at worst to burden the Debtor and the Court with Plaintiff's unresolved resentments over the 1999 proceedings. See Page 2, paragraph 2 of Complaint2, "We are not in a perfect bankruptcy world, when…the creditor with this amount of evidence has to fight the bankruptcy court, his attorney, the bankruptcy judge to have his judgement ex[c]epted from discharge."

Debtor further, contends a delay in ruling at this juncture will cause each side unnecessary costs and expense, where Plaintiff presents no plausible evidence of standing to pursue claims, the underlying claims to which he refers are now over twenty years old and are therefore barred by the applicable statute of limitations and no further probable evidence has been forthcoming on the part of Plaintiff.

**WHEREFORE**, for the foregoing reasons, Debtor, respectfully requests that this Court (1) grant its Motion to Dismiss in whole or in part; and (2) its Motion for Summary Judgment, and (3) award to Debtor such other and further legal and equitable relief as may be just and proper.

Respectfully Submitted,

Archie Lee Roberts

**By Counsel**

/s/ Kimberly A. Chandler
Kimberly A. Chandler, Esq. (VSB# 47897)
Chandler Law Firm
P.O. Box 17586
Richmond, VA 23226
Telephone (804) 353-1971
Counsel for Debtor

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 2, 2021, I have transmitted a true copy of the foregoing Motion to Dismiss and Motion for Summary Judgment via the Court's CM/ECF system to the Chapter 7 Trustee and U.S. Trustee and by USPS to Jason E. Jensen, Plaintiff Pro Se, 15619 Colonial Road Milford, VA 22514, and Archie Lee Roberts, 23053 Sir Barton Court Ruther Glen, VA 22546.

/**s**/ Kimberly A. Chandler
Kimberly A. Chandler, Esq. (VSB#47897)

## VERIFICATION BY DEFENDANT

BEFORE ME, the undersigned authority, personally appeared Archie Lee Roberts known to me, and upon their oath stated as follows:

My name is Archie Lee Roberts. I am above the age of 18 years, and competent to make this affidavit.

I am the debtor in the present bankruptcy case.

By signing and submitting the above entitled Motion to Dismiss and Motion for Summary Judgment, I do hereby swear or affirm under oath and penalty of perjury pursuant to 28 U.S.C. Section 1746 that all answers and information are true and accurate in all regards as to my personal knowledge for those matters contained therein after a reasonable investigation of the facts, I believe the all matters herein to be true.

/s/Archie Lee Roberts
Archie Lee Roberts

CERTIFICATION OF ACKNOWLEDGEMENT
In County of Henrico
Commonwealth of Virginia.

The foregoing instrument was subscribed and sworn before me this _2_ day of October, 2021.

/s/Lisa Murray
Notary Public: 7805404

My Commission expires: 3/31/2022



Lisa Murray
Notary Public
Commonwealth of Virginia
My Commission Expires 3/31/2022
Commission ID# 7805404